Tompkins, J.,
delivered the opinion of the Court.
Parker, assignee of Fountain, who was assignee of Fenton, sued Simpson on a single bill obligatory made to Fenton by Simpson. It appears from the record, that *384 Simpson confessed judgment for the amount claimed, and then moved in arrest of judgment, and assigned for reason, that the declaration does not show that the money sued for was not paid to the assignee Fountain, after the assignment made by him, and before notice thereof was given to him, the defendant. The judgment was arrested. The plaintiff, by leave, amended his declaration, and the defendant pleaded non. est factum, to which plea the plaintiff demurred, and judgment on the demurrer was given for the plaintiff. Both parties agreed (and the agreement was entered on the record) to take no advantage whether the demurrer to the plea be the proper mode to object to the same for want of an affidavit. Each party, in his statement of his case, says that the plea was unaccompanied by affidavit to verify it, and the defendant relies on the want of an affidavit to sustain his demurrer. It is the opinion of the Court, that the want of an affidavit cannot be taken advantage of on demurrer. The plaintiff, when he conceives the affidavit necessary to verify the plea, should treat the plea as a nullity, and take his judgment accordingly, or he should move the Court to set it aside for such want. See 1 Chitty, p. 453. The confession of judgment by Simpson, was a release of errors in the declaration, and even hid the reason in arrest of judgment been good after verdict, (which the Court is by no means prepared to say,) yet the judgment in this case should have been given for the plaintiff. This Court, therefere, conceiving that the Circuit Oourt erred in arresting the judgment confessed by Simpson, will not disturb the judgment now rendered by that Court in favor of the plaintiff.
The judgment of the Circuit Court is, therefore, affirmed, with costs.