THE STATE v. STEPHENS, *Appellant.*

**Practice, Criminal:** PLEA OF GUILTY. If the defendant enters a plea of guilty under the belief induced by something said or done by the judge, that by so doing he will receive a punishment less severe than the maximum allowed by law, he should not afterward be sentenced to the maximum, but should rather be permitted to withdraw his plea and file a plea of not guilty, if he so desires.

*Appeal from Johnson Criminal Court.*—The case was tried before HENRY NEILL, ESQ., sitting as Special Judge.

REVERSED.

*Land & Sparks* and *A. B. Logan* for appellant.

*J. L. Smith,* Attorney-General, for the State.

SHERWOOD, C. J.—The defendant was indicted under section 1455, Revised Statutes, for breaking jail. We find nothing in the points assigned requiring comment, except the action of the special judge in regard to the plea of guilty entered by defendant. There is no bill of exceptions, signed in the usual way, before us, but the statutory method which is the same in criminal as in civil cases, (Rev. Stat., 1879, § 1921,) has been pursued, and the bill signed by three by-standers, (Ib. §§ 3637, 3638, 3640, 3641), and supported by five affidavits deposited in the clerk's office. Under the provisions of section 3641, *supra,* copies of these affidavits form a part of the record of the cause, and by them the truth of the bill of exceptions, which the judge refused to sign, is to be tried. Ib. § 3643.

We have carefully examined the affidavits thus filed in connection with the indorsement made upon the bill by the special judge, and after such perusal have reached the conclusion that the affidavits are less likely to err, as to the actual facts of the case, than the special judge. Taking this view of the matter, we find that the attorneys of the defendant, after the election of the special judge, and

before he took his seat on the bench, had an interview with him, it would seem in the court room, and were led to believe, by the words and acts of the special judge, that if the defendant would plead guilty, he would receive the lowest punishment allowed by law; that this understanding was communicated to defendant, who thereupon pleaded guilty, but instead of the lowest, was awarded the highest punishment which the law prescribes. But if we take as true the indorsement made upon the bill by the special judge, the fact remains, as stated in the affidavits of the attorneys and the defendant, that they were induced to enter a plea of guilty, under the belief that by so doing a punishment less severe than the maximum would be awarded.

Viewing the matter, then, in either light, we feel constrained to say that it would better have comported with the proper exercise of a sound judicial discretion, had the special judge permitted the withdrawal of the plea of guilty, and the entry, in its stead, of the usual plea. The law is not composed of a series of snares and pitfalls for the unwary, neither does it favor what Judge Bliss terms "snap judgments." *Henslee v. Cannefax*, 49 Mo. 295. If these remarks apply in a civil case, then, *a fortiori*, do they apply in a criminal prosecution, where the liberty of the prisoner is at stake.

Courts have always been accustomed to exercise a great degree of care in receiving pleas of guilty, in prosecutions for felonies, to see that the prisoner has not made his plea by being misled, or under misapprehension or the like. Thus it is said by Archbold in regard to the point being discussed: "If, instead of pleading 'not guilty,' the defendant say that he is 'guilty,' this is a confession of the offense, which subjects him precisely to the same punishment as if he were tried and found guilty by verdict. But as defendants often imagine that, by pleading guilty, they are likely to receive some favor from the court in the sentence that will be passed upon them, the judge very fre-

quently undeceives them in that respect, and apprises them that their pleading guilty will make no alteration whatever in their punishment. If, however, they still persist in their plea of guilty, it is then recorded," &c. 2 Archb. 334. And Hawkins says: "Where a person, upon his arraignment, actually confesses himself guilty, or unadvisedly discloses the special manner of the fact, supposing that it doth not amount to felony, where it doth, yet the judge upon probable circumstances, that such confession may proceed from fear, menace or duress, or from weakness or ignorance, may refuse to record such confession, and suffer the party to plead not guilty." 2 Hawk. P. C. 469. And Sir Matthew Hale states that: "If it be but an extra judicial confession, though it be in court, as where the prisoner freely tells the fact and demands the opinion of the court whether it be felony, though upon the fact thus shown it appear to be felony, the court will not record his confession, but admit him to plead to the felony not guilty." 2 Hale P. C. 225.

I have thus briefly adverted to the principles which seem applicable to cases of this sort, in order to show why we must withhold our approval of the action of the lower court. And, coming down to more modern authorities, and those more directly in point, we find that the court should freely exercise its discretion in proper cases, to allow the plea of guilty to be withdrawn, and that of not guilty to be entered in lieu thereof. And even where the defendant, after pleading guilty, has moved in arrest of judgment, and that motion overruled, should justice require, the court should permit, before judgment rendered, a withdrawal of the plea of guilty, and the substitution of the plea of not guilty. 1 Bish. Crim. Prac., § 465. So, also, where a defendant inadvertently pleaded guilty to one indictment when intending to plead guilty to another, it was held that the plea being entered through misapprehension, the mistake could be corrected. *Davis v. State,* 20 Ga. 674.

As the result of the views herein expressed, the judgment must be reversed, and the cause remanded. All concur.