THE STATE v. KRING, *Appellant*.

1.  **Criminal Law** : PLEA OF GUILTY UNDER AGREEMENT AS TO SENTENCE. If a defendant in a criminal case enters a plea of guilty in consequence of an agreement with the prosecuting officer, apparently sanctioned by the judge, as to the sentence, a more severe sentence should not be awarded. He should rather be allowed to withdraw his plea of guilty and file a plea of not guilty, if he desires.
2.  **Bill of Exceptions after Judgment.** A defendant who has received sentence upon a plea of guilty is entitled to have a bill of exceptions allowed showing the action of the court upon a motion to set aside the judgment.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*G. S. Van Wagoner* and *P. N. Jones* for appellant.

*J. L. Smith*, Attorney-General, and *J. C. Normile*, Circuit Attorney, for the State.

SHERWOOD, C. J.—I.   The defendant, charged with murder in the first degree, entered, with the consent of the circuit attorney, a plea of guilty of murder in the second degree, and was thereupon sentenced to imprisonment in the penitentiary for the term of twenty-five years. Upon being sentenced he filed his motion to set aside the judgment and sentence and permit the withdrawal of the plea of guilty, and the original plea of not guilty to be entered, this motion was based upon the grounds of having entered such plea in consequence of an agreement entered into with the acting circuit attorney, apparently sanctioned by the judge of the criminal court, that the sentence should not exceed ten years imprisonment in the penitentiary. The affidavits supporting the motion are uncontradicted. The essential features of this case are precisely similar to those of *State v. Stephens, ante,* p. 535, and we adhere to the conclusion therein announced.

II.   The defendant was entitled to his bill of exceptions, upon his motion to set aside the judgment being denied.   Otherwise, a defendant, aggrieved solely by the erroneous judgment of a court and not by anything occurring during the progress of the trial would be remediless. For, in order to avail himself of any error committed in rendering judgment, he would have to, as in this instance, file his motion to set aside the judgment, and on such motion being denied, he would have to except to such denial, and preserve his exception by bill for that purpose.   The judgment is reversed, and the cause remanded.   All concur.