THE STATE v. RICHARDSON, *Appellant.*

Criminal Law : PRACTICE : SETTING ASIDE JUDGMENT ON PLEA OF GUILTY. The judgment on a plea of guilty will not be set aside where the defendant was not misled by anything said or done by the prosecuting officers, and was not induced to enter the plea under the belief that he would receive a lighter sentence than that imposed.

*Appeal from St. Louis City Criminal Court.*—HON. J. C. NORMILE, Judge.

AFFIRMED.

No brief for appellant.

*J. M. Wood,* Attorney General, for the State.

The case at bar does not come within the reasoning of the decisions of this court in *State v. Stephens,* 71 Mo. 535, and *State v. Kring,* 71 Mo. 551, inasmuch as it is not claimed that a severer or different punishment was assessed than that bargained for or expected in consideration of a plea of guilty. Here is presented simply a question of fact. Appellant, an ex-convict, swears that he did not intend to plead guilty, but was demanding a trial all the time. But the claim is not made until the witnesses against him are discharged from court and another indictment against him dismissed On the other hand, the solemn statements of the judge and prosecuting officer are that the prisoner was fully advised of the proceedings at the time, and voluntarily and intelligently submitted to the action of the court. The appellant could hardly plead ignorance in view of his former experience.

BLACK, J.—The defendant, being arraigned on a charge of grand larceny in the St. Louis criminal court on March 26, 1889, had entered a plea of not guilty. On April 12, following, he withdrew this plea and pleaded guilty, and was sentenced to two years' imprisonment. On the thirteenth of that month he filed a motion to set aside the judgment and plea and for leave to plead not guilty, which was overruled, and from that ruling this appeal was taken.

The motion is supported by his affidavit in which he states he is not guilty of the charge, that the plea of guilty "was made by reason of and entirely owing to a

mistake and misunderstanding on his part of the pro-
ceedings of the court and of what was said to him upon
the occasion of his said plea in reference thereto by the
officers of the court." The deputy sheriff testified
in an affidavit filed by plaintiff: " While I was taking
him from the court room back to the cage, immediately
after his plea of guilty and sentence, he said to me 'I
don't want two years. I want a trial.' After he got into
the cage he asked me why his trial did not go on. I told
him it was because he had pleaded guilty and taken two
years."

The circuit attorney makes a detailed sworn state-
ment, the substance of which is : Two indictments for
grand larceny were pending against him. When first
arraigned, he stated to the court that he had an attorney,
and did not want the court to appoint one to defend him.
The case came on for trial on the eighth of April, and was
postponed at the request of the defendant, because of
the absence of his attorney. This attorney appeared,
when the case came on again, and stated to the court that
he had not been employed by the defendant. The jury
being called, defendant asked the court for counsel, but
the court declined to make an appointment because
defendant had previously represented that he had
counsel, and because there was no member of the bar
then present that he could ask to conduct the defense.
Defendant then asked what was the lightest punishment
he would receive on a plea of guilty and I told him two
years in one case, and the other would be dismissed, to
which he agreed. The further evidence of the circuit
attorney and of the clerk of the court, and the state-
ment of the judge found in the bill of exceptions is, that
the defendant stepped to the bar of the court, and the cir-
cuit attorney made known to the court defendant's desire
to plead guilty. The court then inquired of him if such
was his desire, and he said it was, and thereupon the court
pronounced the sentence, dismissed the other case, and

discharged the witnesses in both cases, to all of which defendant then made no objection.

The defendant did not enter the plea of guilty under the belief that he would receive a lighter punishment than that imposed. No such claim is made. He does say he made the plea owing to a mistake and misunderstanding of the proceedings and of what was said to him by the officers, but he does not state wherein he was mistaken. He does not state what he understood would be the result of a plea of guilty. It appears he had been before convicted of grand larceny and had served his time in the penitentiary, and he must have had some knowledge of court proceedings. We have examined the affidavits with much care, and are of the opinion that the defendant was not misled by anything said or done by the prosecuting officer. The motion seems to be the result of an afterthought, and there was no error in overruling it. The case is wholly unlike *State v. Stephens*, 71 Mo. 535 and *State v. Kring, Id.* 551.

The judgment is affirmed. RAY, C. J., absent; the other judges concur.