THE CITY OF EDINA, Respondent, v. ABRAM T. BECK, Appellant.

**St. Louis Court of Appeals, December 8, 1891.**

1. **Cities and Towns:** APPEAL FROM THE MAYOR'S COURT. If a defendant appeals to the circuit court from the judgment of a mayor's court of a city of the fourth class, he is not entitled to a dismissal of the proceeding against him upon grounds which are at variance with the recitals of the transcript filed on such appeal : if such recitals are untrue, he must procure the correction thereof by *certiorari* or rule upon the mayor.

2. ———: ———: PLEA OF GUILTY. If the defendant pleads guilty in a proceeding against him in the mayor's court of a city of the fourth class, he is not entitled to appeal from the judgment entered on such plea, notwithstanding that there is no express denial or limitation either by statute or municipal ordinance of the right of appeal in such a case.

*Appeal from the Knox Circuit Court.*—HON. BEN E. TURNER, Judge.

AFFIRMED.

*O. D. Jones* and *W. C. Hollister*, for appellant.

*F. H. McCullough*, for respondent.

ROMBAUER, P. J.—In the mayor's court of the city of Edina, which is a city of the fourth class, the defendant was sentenced to pay a fine of $50. He appealed in due form to the circuit court, and upon such appeal filed a transcript of the proceedings in the mayor's court, which, omitting caption and certificate, is in the following words :

" Now at this day comes John Gibler, marshal of the city of Edina, having in his custody the defendant, Abraham Beck, whom he charges with being drunk and

disorderly and resisting a city officer in the discharge of his duties on the public streets of the said city. The defendant being arraigned before the mayor in open court, and, after hearing the above charge, entered a plea of guilty in manner and form as charged. Therefore, the mayor assessed the defendant a fine in the sum of $50, and the costs therein made and expended in this cause in the further sum of $4.60, and ordered that the defendant be held in custody of the marshal until said fine and costs are fully paid. And now on this same day comes the defendant and files his affidavit and bond in appeal in the sum of $150 with two good and sufficient securities, appealing this cause to the next term of the circuit court of Knox county, Missouri; and the appeal is granted and bond approved.

"JAMES E. ADAMS,<br>"Mayor."

The plaintiff moved to dismiss this appeal because it was improvidently taken from a judgment within the jurisdiction of the mayor's court, and which was entered upon a plea of guilty.

The defendant filed his motion to dismiss the cause on the following grounds: "*First.* Because no complaint, either written and sworn to by any other person, or any such charge was made by the marshal of the city or other regular policeman having him in custody and in court, was made against defendant. *Second.* Because no complaint was made in any manner against the defendant, known to the law, by any person. Because defendant was not arraigned on any such charge, and because he did not plead guilty to any such charge made against him, and because no evidence was introduced on which to find defendant guilty. *Third.* Because the mayor of the city of Edina had no jurisdiction of the cause or of the defendant, and because this court has none." The defendant offered proof to substantiate the facts asserted in his motion, but at the same time admitted that, under its ordinance, the city

had power to assess a fine of $50 as a punishment for the offense attempted to be charged. This proof was rejected by the court.

The court overruled the defendant's motion, and also overruled his motion for a trial *de novo*, and sustained the plaintiff's motion to dismiss the appeal, and dismissed the appeal.

It is evident that the defendant could not be permitted in this manner to impeach the recitals of a transcript, which he himself has brought to the circuit court. If the transcript was incorrect, he had his remedy by rule or *certiorari* upon the mayor, and by taking issue upon the return ; but a practice to try the verity of such recitals, upon a motion to dismiss, is unknown to our law. The recitals were sufficient to show a valid charge, plea and judgment.

This question out of the way, and the conclusion follows that the appeal was properly dismissed, unless we can hold that a party may appeal from a judgment properly entered against him upon his plea of guilty, which is in effect a judgment by confession. This we cannot hold. It is true that there is no express limitation of the right of appeal in these cases, the statute, as well as the ordinances of Edina, granting appeals in all cases, and not excluding in terms appeals from judgments by confession, as the law applicable to justices of the peace does. This, however, does not give the defendant a right to appeal from a judgment where there is nothing to be tried by the appellate court. At common law the defendant might withdraw his plea of guilty before judgment, but he could not do it after judgment, as he attempts to do in this case. With the plea of guilty in the case there was nothing for the circuit court to try, unless it could retry the propriety of the fine imposed as to amount, and that such a question cannot be tried anew upon appeal, has been expressly decided. *State v. Haller*, 23 Mo. App. 560. A defendant cannot plead guilty, and when the fine

imposed is greater than he expected try to withdraw his plea of guilty upon appeal.

Even if we view these actions as civil actions, and a judgment thus rendered in the nature of a judgment by confession, the defendant's position is no better, because according to the better rule, independent of statutory enactment, a judgment by confession operates as a release of all errors in the record, and consequently can not be carried to an appellate court either by error or *certiorari*. Black on Judgments, sec. 77. That it operates as a waiver of formal errors is conceded everywhere, and that it is a release of errors in the declaration has been decided in this state. *Parker v. Simpson*, 1 Mo. 539. If the defendant's contention were correct, that appeals from a mayor's court in these cities lie in *all* cases, a defendant might appeal from a judgment in his own favor, and insist in the circuit court upon a trial of the cause. Courts are established for no such purpose. An appeal in its very nature presupposes that the party appealing has been aggrieved by the judgment appealed from.

All the judges concurring, the judgment is affirmed.