THE STATE v. CLYDE JONAGAN, Appellant.

Division Two, December 22, 1925.

1. **PAROLE: Power to Grant.** Since the enactment of the Act of 1921, Laws 1921, page 545, creating a board of paroles for Buchanan County, neither the prosecuting attorney nor the court trying a defendant for a felony has a legal right to parole him or to enter into an agreement that if he pleads guilty he will be paroled.

2. **PLEA OF GUILTY: Withdrawal: New Trial: Promise of Parole.** If defendant was in no wise misled or misinformed by the court or prosecuting attorney concerning his right to a parole, he is not entitled, after sentence and judgment, to withdraw his plea of guilty and have a trial by a jury. Where there is no showing that the prosecuting attorney entered into an agreement with defendant or his attorney that if he would enter a plea of guilty, or informed him that if he would enter such plea, he would be paroled, or otherwise misled him, and neither the prosecuting attorney nor the court knew that his own attorney had informed him that if he pleaded guilty he would be paroled, he is not entitled, upon the failure of the board of paroles to grant him a parole, to have the judgment set aside, withdraw his plea of guilty, enter a plea of not guilty and have a trial before a jury.

Corpus Juris-Cyc. References: Criminal Law, 16 C. J., Section 730, p. 397, n. 6; p. 399, n. 14 New.

Appeal from Buchanan Circuit Court.—*Hon. W. H. Utz,* Judge.

State v. Jonagan.

AFFIRMED.

*Bart M. Lockwood* for appellant.

(1)   The court erred in refusing to admit in evidence the statements and representations made to defendant by his counsel which induced the plea.   8 R. C. L. par. 83, p. 115; State v. Stephens, 71 Mo. 535; 16 C. J. 396, par. 728; Conover v. State, 86 Ind. 99; State v. Nicholas, 46 Mont. 470.   (2) The court erred in refusing to sustain the motion to set aside the judgment and plea when it clearly appeared that the defendant was misled and induced by promise of a parole to enter the plea. State v. Stephens, 71 Mo. 535; State v. Kring, 71 Mo. 551; State v. Meyer, 222 S. W. 765; State v. Dale, 282 Mo. 663; State v. Meyer, 293 Mo. 102; 16 C. J. 397, sec. 730; 8 R. C. L. 112, sec. 77.

*Robert W. Otto,* Attorney-General, for respondent; *C. E. Curtis* of counsel.

(1)   The court committed no error by refusing to sustain defendant's motion to withdraw plea.   Where a defendant voluntarily enters a plea of guilty without any misrepresentations being made to him by an officer in authority he is not entitled to withdraw his plea.   State v. Richardson, 98 Mo. 564; United States v. Bayaud, 23 Fed. 721; People v. Maurequez, 206 Pac. 63; State v. Yates, 52 Kan. 566; Miller v. State, 254 S. W. 487.   (2) The matter of allowing defendant to withdraw plea of guilty after sentence is largely within the discretion of the trial court.   Where that discretion has not been abused the appellate court will not reverse.   Duncan v. State, 187 S. W. 906; Billingsley v. United States, 249 Fed. 331; McClam· v. State, 262 S. W. 987 State v. Yates, 52 Kan. 566.

RAILEY, C.—The defendant plead guilty in the court below, and thereafter moved to set aside the judg-

ment rendered, and to allow him to enter a plea of not guilty.

On October 2, 1924, the Prosecuting Attorney of Buchanan County, Missouri, filed in the circuit court of said county a verified information which, without caption, signature and jurat, reads as follows:

"DuVal Smith, Prosecuting Attorney within and for Buchanan County, in the State of Missouri, upon information and belief, and upon his official oath, informs the Circuit Court of Buchanan County that on or about the 4th day of June, 1924, at said county Clyde Jonagan, *alias* Charlie Brown, a certain automobile, to-wit: A Ford touring car, of the value of three hundred dollars, lawful money of the United States, the property of O. P. Opplinger, then and there being, unlawfully and feloniously did steal, take and carry away; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State."

On October 6, 1924, defendant in person and by his attorney, appeared in the circuit court aforesaid, waived formal arraignment, and entered a plea of not guilty. Thereafter, the case having been continued, defendant and his counsel appeared in said court, withdrew appellant's plea of not guilty, and entered a plea of guilty. His punishment was assessed at two years in the State Penitentiary. The court pronounced judgment and sentence as follows:

"Now at this day, comes the prosecuting attorney, for the State, and comes also the defendant herein, in person and by his attorney, B. E. Reilly, in open court, whereupon the said defendant withdraws his plea of not guilty, heretofore entered herein, and enters plea of guilty to grand larceny, as charged in the information, and by agreement of parties his punishment is by the court assessed at imprisonment in the State Penitentiary for a period of two years.

"It is therefore sentenced, ordered and adjudged by the court that the said defendant Clyde Jonagan, *alias* Charlie Brown, having pleaded guilty as aforesaid,

be confined in the penitentiary of the State of Missouri for the period of two years from the 22nd day of January, 1925, for the crime of grand larceny, and that the sheriff of this county shall, without delay, at his earliest convenience, remove and safely convey the said Clyde Jonagan, *alias* Charlie Brown, to the said penitentiary, there to be kept, confined and treated in the manner directed by law, and the warden of said penitentiary is required to receive and safely keep him, the said Clyde Jonagan, *alias* Charlie Brown, in the penitentiary aforesaid until the judgment and sentence of the court herein be complied with or until the said Clyde Jonagan, *alias* Charlie Brown, shall be otherwise discharged by due course of law.

"It is further ordered and adjudged by the court that the State of Missouri have and recover of and from the said defendant, all of its costs and charges herein expended and have therefor execution.

"And now here, by agreement of parties, the defendant herein is by the court granted a stay of execution for a period of twenty days from this date."

On February 3, 1925, during the regular January term of said court, the following was entered of record in said cause:

"Now at this day, comes the defendant in the above-entitled cause, by his attorneys, and files his application for parole, which said application for parole is now here by the court ordered transferred to the Board of Paroles for consideration."

On February 26, 1925, the record in said cause contains the following:

"Now at this day, comes the defendant in the above-entitled cause, by his attorney, B. M. Lockwood, and files his motion to set aside the plea and sentence heretofore entered herein."

Said motion was sworn to by defendant, and without caption and jurat reads as follows:

"Comes now defendant Clyde Jonagan in the above-entitled cause and moves the court to set aside the judg-

ment and sentence in the said cause and permit defendant to withdraw his plea of guilty heretofore entered therein and have a trial upon the issues, for the following reasons, to-wit:

"1.    Because defendant is not guilty of said offense.

"2.    Because defendant was not advised and. informed of the legal consequences of said plea.

"3.    Because defendant was misled and misinformed as to the legal consequences of said plead.

"4.    Because defendant was induced to enter said plea by assurances and representations that he would be released upon parole and would not be sent to the penitentiary.

"That defendant was informed and believed that if a parole was recommended by certain officers and interested parties he would be granted a parole, that all of said parties agreed to and did recommend a parole, and thereby defendant entered said plea, and then defendant learned that said parole was wholly within the discretion of the Board of Paroles and would not be paroled.

"Defendant further asks that he be granted a hearing upon the above petition that he may verify the statements above made and that he be permitted to summon such witnesses as are necessary to show the facts alleged.

"C. JONAGAN."

The court overruled the motion to set aside the judgment and sentence aforesaid, and granted defendant an appeal to this court.

On February 27, 1925, defendant was heard on his motion to withdraw the plea of guilty, before the court and the following occurred:

. Defendant offered in evidence in support of said motion the judgment aforesaid. He also offered in evidence a letter dated February 4, 1925, addressed by the Board of Paroles, to the St. Joseph Automobile Club, notifying the latter that an application for parole had been filed before said board. It also informed the club

aforesaid that defendant was charged with stealing a
Ford touring car, the property of O. P. Opplinger, and
plead guilty to grand larceny on January 22, 1925. It
advised said club that the next meeting of the board
would be held February 7, 1925. The above letter was
excluded, and defendant saved an exception. On February 7, 1925, the above club wrote said board that it
would not oppose defendant's application for a parole,
but made certain suggestions as to his conduct. This
was offered in evidence, excluded by the court and an
exception saved. He also offered in support of his
motion aforesaid the original application for parole, and
the application for re-hearing before the Board of
Paroles. Both were overruled by the board.

Clyde Jonagan testified in support of his motion to
withdraw said plea of guilty substantially as follows:
That he was twenty-one years old; he was the same party
who appeared in court and entered a plea of guilty on
this charge; he entered a plea of guilty because of
promises and inducements made to him; all the information he got concerning his parole upon a plea of guilty
came through his attorneys and not from the prosecuting
attorney or any officer in charge; his parole was discussed
in Hessler's court with Mr. Reiter, the prosecuting
attorney, and Mr. Gibbany, his lawyer, but nothing
further was said by any official; the court refused to
admit evidence as to inducements made to the defendant
by persons not connected with the prosecution in the
case.

On cross-examination, the defendant testified that
he was told by his attorneys that Mr. Reiter, the
prosecuting attorney, said he would recommend his
parole.

D. W. Jonagan testified that he did not know anything about the parole representations outside of what
Gibbany, defendant's lawyer, told him. His evidence
was excluded by the court.

Clyde Jonagan, Sr., was sworn as a witness, and
defendant offered to prove by him that appellant's

311 Mo. Sup.—35.

attorney represented to defendant that he would be paroled if he entered a plea of guilty, but the court excluded this testimony.

After the overruling of defendant's motion to withdraw the plea of guilty, etc., the appellant filed motions for a new trial and in arrest of judgment, which were overruled and exceptions saved in a bill of exceptions.

Neither of defendant's lawyers testified as witnesses in the case.

I. As shown from the preceding statement of facts defendant was charged, in a valid information, with the crime of grand larceny in having, about June 4, 1924, stolen a Ford touring car, of the value of three hundred dollars, from O. P. Opplinger, the owner thereof, in Buchanan County, Missouri. He appeared in the circuit court of said county with his attorney, on October 6, 1924, waived formal arraignment, and entered of record his plea of not guilty. On October 24, 1924, by agreement of parties, the cause was continued to the January term, 1925, of said court. On January 22, 1925, defendant and B. E. Reilly, his attorney, appeared in open court, withdrew the plea of not guilty and entered a plea of guilty to grand larceny as charged in the information. He was thereupon sentenced to the penitentiary for a period of two years from said January 22nd. On February 3, 1925, he filed his application for a parole, which was by order of the court transferred to the Board of Paroles in said county for consideration.

The Legislature of this State, in 1921 (Laws 1921, pp. 545-6), passed a law applicable to Buchanan County, Missouri, and Sections one and three of which read as follows:

"Section 1. Creating a board of paroles in certain judicial circuit—to be composed of judge or judges of criminal court and judges of circuit court and sheriff of such county.—In any judicial circuit in this State com-

posed of a single county and which now contains or may hereafter contain a city having a population of 75,000 inhabitants or more, and less than 200,000 inhabitants, according to the last preceding national census, there is hereby created a board of paroles, to be known as such, which shall be composed of the judge or judges of the criminal court, if there be a criminal court, and the several judges of the circuit and the sheriff of such county court of said county so composing said judicial circuit and the sheriff of such county. The judge of said criminal court, if there be a criminal court, and if not, then the judge of that division of the circuit court to which has been assigned for the time being the duty of trying criminal cases shall be *ex-officio* chairman of said board of paroles, and in case of the inability of such chairman to serve, then the presiding judge of said circuit court shall be and act as such chairman; and said judges composing said board, or a majority thereof, are empowered to consider, grant, revoke, alter or terminate paroles, as provided for in the next three succeeding sections hereof, and as otherwise provided by law; provided that in the consideration of paroles of persons convicted in the criminal or circuit courts of said county, the judge trying said case wherein said conviction was had, or receiving a plea of guilty shall be present at the meeting of said board of paroles when considering the parole of parties who were convicted or pleaded guilty before him unless unable to be present; and the majority of all of said judges of the circuit court and criminal courts shall constitute a quorum to transact such other business and perform such other duties of said board of paroles as are prescribed in this act or by law.

"Sec. 3. Board of paroles to succeed and have and exercise powers or parole endowed and provided by Sections 4155 to 4167 inclusive, and Section 12543. Said board of parole shall succeed to and have and exercise the same powers of parole and be subject to the same regulations as trial courts are endowed with and provided for by Sections 4155 to 4167, inclusive, and Section 12543

of the Revised Statutes of Missouri of the State of Missouri for 1919.''

It will be observed from reading Section three of said act, that the power of the circuit court to parole persons convicted of the violation of the criminal laws of the State, as provided in Section 4155, Revised Statutes 1919, has been revoked and transferred to said board. It is manifest from reading the record herein that defendant and his attorney, B. E. Reilly, had knowledge of the existence of said board, bcause the circuit court made and entered of record an order transferring appellant's application for a parole to said board. The application for a parole, which was overruled by the board, shows, that on January 10, 1922, he was arrested at Buffalo, Wyoming, taken to Albany, Missouri, to answer the charge of forgery and uttering a check for $200. He was sentenced to the Missouri State Reformatory and paroled. Appellant, through his attorney, Barney E. Reilly, filed an application before said board, a rehearing on his plea for a parole, which was overruled. It likewise appears from the orginal application for a parole, that Wm. Reiter, Assistant Prosecuting Attorney of said county, recommended that defendant be paroled.

The foregoing matters were in evidence before the circuit court in passing upon appellant's motion to withdraw his plea of guilty and to enter a plea of not guilty. It is not claimed that the trial court misled defendant, or that the judge thereof held out any promises to him when the plea of guilty was entered. It is not charged that the prosecuting attorney entered into any agreement to have defendant paroled, or that he was authorized to do so under the law. The trial court, in passing upon defendant's motion to withdraw the plea of guilty, overruled the same because no legal testimony was produced tending to show that the trial judge or prosecuting attorney said or did anything to induce appellant to plead guilty. His counsel, at the trial of above motion, simply undertook to show that defendant's counsel, who

represented him when the plea of guilty was entered, made representations to him to the effect that he would be paroled, if he entered a plea of guilty. This was the class of testimony which the court rejected, and of which complaint is now made.

As heretofore shown, neither the prosecuting attorney nor the court had any legal right to parole appellant. When he and his attorney entered the plea of guilty, they were bound to know, as a matter of law, that if a parole should be obtained, it would have to be issued by said board. If the law permitted a defendant to withdraw his plea of guilty made in open court in the presence of his attorney, on such showing as that made in this case, it would only be necessary to have the plea of guilty set aside for defendant's counsel to inform him that he would be paroled if he entered a plea of guilty, although the court and prosecuting attorney had no knowledge of such act, and were powerless to grant a parole. The trial court was vested with discretion in disposing of defendant's motion to withdraw his plea of guilty; and on the acts heretofore presented exercised a sound discretion in overruling appellant's motion, and in excluding the testimony offered in support of same. [State v. Richardson, 98 Mo. 564; United States v. Bayaud, 23 Fed. 721; People v. Manriquez, 206 Pac. 63-4; Monahan v. State, 34 N. E. 967; State v. Yates, 52 Kan. 566; Miller v. State, 254 S. W. 487.]

II. It is contended by counsel for appellant that the evidence excluded by the court was competent, and in support of his contention cites the following Missouri cases:

(1) State v. Stephens, 71 Mo. 535, which was not a parole case, and the trial judge had the right to determine the punishment. In passing on the question before the court, Judge SHERWOOD said: "Taking this view of the matter, we find that the attorneys of the defendant, after the election of the special judge, and before he took his seat on the bench, had an interview with him, it would seem in the court room, and were led to

believe by the words and acts of the special judge, that if the defendant would plead guilty, he would receive the lowest punishment allowed by law; that this understanding was communicated to defendant, who thereupon pleaded guilty, but instead of the lowest, was awarded the highest punishment which the law prescribes.'' There the defendant was misled by the statement of the judge as to the extent of the punishment which would be inflicted on a plea of guilty.

(2) In State v. Kring, 71 Mo. 551, Judge SHERWOOD, on page 552, said the circuit attorney, apparently with the sanction of the trial judge, agreed that defendant should not be sentenced for more than ten years, and was given twenty-five years in the penitentiary.

(3) In State v. Dale, 282 Mo. 663, Judge WILLIAMS said the prosecuting attorney, by his statements, induced the defendant to believe that he would be paroled, and hence he should be entitled to withdraw his plea of guilty. The above occurred when the circuit court could grant a parole on the recommendation of the prosecuting attorney.

(4) In State v. Meyer, 222 S. W. l. c. 765, the defendant was misled as to a parole, by the statements of the prosecuting attorney and sheriff. Instead of being paroled he was sent to the penitentary for five years.

(5) In State v. Meyer, 293 Mo. 108, the case came here on the second appeal, and the matter in controversy here was only referred to by reference to the former case reported in 222 S. W. 765.

We have no fault to find with the Missouri cases relied on. It may be conceded that courts should exercise a great degree of care in seeing that defendants charged with felonies are not misled by the court or prosecuting attorney into pleading guilty under a missapprehension of the facts, but in this case neither the court nor the prosecuting attorney had jurisdiction over paroles and made no promises. Such matters could only be brought before the board. It is not claimed that either the court or prosecuting attorney induced the defendant to enter

a plea of guilty. He was represented in court by his counsel at the time the plea was entered, and no advantage whatever was taken of him. The court dealt fairly with him in considering his motion to withdraw his plea, and was not guilty of any abuse of judicial discretion.

The judgment below is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAIL-EY, C., is adopted as the opinion of the court. All of the judges concur.