**STATE ex rel. KANSAS CITY, Missouri, a municipal corporation, Relator,**

v.

**Honorable Robert A. MEYERS, Judge, Respondent.**

**No. 58602.**

Supreme Court of Missouri, En Banc.

Sept. 9, 1974.

---

Aaron A. Wilson, City Atty., Louis W. Benecke, by Walter J. O'Toole, Jr., Asst. City Attys., Kansas City, for relator.

Edward L. Fitzgerald, Thomas M. Sullivan, Downey, Sullivan & Fitzgerald, Kansas City, for respondent.

MORGAN, Judge.

In this original proceeding the City of Kansas City, relator herein, seeks a writ of prohibition to prevent a Judge of the Circuit Court of Jackson County, respondent herein, from proceeding with a de novo hearing of a charge against one Leroy Buford for violation of a municipal ordinance. Buford's petition was initially filed in the Court of Appeals, Kansas City District; and, that court after concluding that the petition presented "a question of jurisdiction not previously judicially determined," transferred the cause to this court, prior to opinion, as provided by Order of this court dated December 18, 1973, and Article V,

Section 10, of the 1945 Missouri Constitution, V.A.M.S.

Factually, the available record reflects: that Buford was charged with disturbing the peace in violation of relator's Ordinance No. 26.13.1; that on September 14, 1973, he appeared in the Municipal Court of Kansas City and entered a plea of guilty to the charge; that the punishment was assessed at confinement for 180 days with execution thereof to be deferred pending an investigation of his suitability for probation; and, that thereafter, on a date not specified, Buford filed a notice of appeal to the circuit court.[1] In connection with the last observation, it is noted that a photocopy of the municipal court docket sheet, identified as "Attachment B," has the word "Appeal" written thereon and thereafter appears the signature of the judge and the date of September 14, 1973—the date the plea was entered. However, the word could have been entered on some other date as the signature apparently confirms the plea and sentence proceedings; also, thereon is a typed entry indicating waiver of counsel.

Nevertheless, Buford did thereafter file in the Circuit Court a "Motion To Set Aside Plea Of Guilty" wherein it was asserted that he had entered his plea without being advised that he had a right to counsel as mandated in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

The respondent designated a hearing date for presentation of evidence concerning the single issue created by the motion, i. e., the validity of the plea; and, although duly notified, relator refused to produce evidence. After the hearing, respondent sustained the motion, set aside the guilty plea, and ordered that the cause be tried de novo in circuit court. Filing of relator's petition for a writ of prohibition followed.

---

1. Rule 37.77, V.A.M.R., provides that upon motion and "to correct manifest injustice" the municipal court may set aside the judgment and permit the defendant to withdraw the plea. Defendant did not utilize this rule but suggests the time had expired prior to availability of counsel.

What, at first blush, appears to be a simple problem tends to become insoluble if resolution of the same is sought in strict compliance with all relevant statutory provisions and case law precedents noted by the parties. To avoid some confusion, we do emphasize that the instant problem, pertaining to the right of appeal and proceedings thereafter, followed a "plea of guilty" in a lower court and not a conviction and judgment after a "plea of not guilty."

In State v. Haller, 23 Mo.App. 460 (1886), involving a state charge before a justice of the peace, the defendant entered a guilty plea and after assessment of punishment sought to appeal. The court construed then Section 2058, allowing a person to appeal after conviction, to be limited to that circumstance where there had been a trial. As said therein, l. c. 463: "A person who pleads guilty cannot be said to be convicted. No appeal lies in a case where the defendant pleads guilty."

In The City of Edina v. Beck, 47 Mo. App. 234 (1891), involving violation of a municipal ordinance, the court relied on the Haller case, supra, and ruled that there could be no appeal after a plea of guilty whether the proceeding was called "criminal" or "civil" by declaring, l. c. 237: "Even if we view these actions as civil actions, and a judgment thus rendered in the nature of a judgment by confession, the defendant's position is no better, because according to the better rule, independent of statutory enactment, a judgment by confession operates as a release of all errors in the record, and consequently can not be carried to an appellate court . . . ."

The same result was reached in The City of Mexico v. Geiger, 53 Mo.App. 440 (1893).

Years later, this court in State v. La-Driere, 299 S.W.2d 512 (Mo. banc 1957), involving a misdemeanor charge in magistrate court, adopted the holding in the Haller case, supra, that the word "convicted" as used in statutes pertaining to the right of appeal did not include those who had initially entered a plea of guilty, and concluded, l. c. 516, that: "It is apparent from the statutes and decisions referred to that there is no right of appeal from a judgment in a misdemeanor case entered upon a plea of guilty in the magistrate court. Our attention has been directed to no decision of this court authorizing such an appeal. There is, of course, no appeal from a judgment entered by confession in a civil case in the magistrate court. Section 512.190 RSMo 1949, V.A.M.S."

In Kansas City v. Stricklin, 428 S.W.2d 721 (Mo. banc 1968), involving an ordinance violation wherein the defendant after appeal to the circuit court entered a plea of guilty, the court ruled, in part, l. c. 724, as follows: "Proceedings in municipal courts against persons for violations of city ordinances are civil actions to recover a debt due the city or to impose a penalty for infraction of such ordinances; such proceedings are not prosecutions for crime in a constitutional sense * * * A party aggrieved by a final judgment in a proceeding brought by a municipality against a person for violation of a city ordinance is entitled to appeal pursuant to § 512.020, RSMo 1959, V.A.M.S. City of Clayton v. Nemours, 237 Mo.App. 167, 164 S.W.2d 935, 938 [6]. * * * We hold, therefore, that the defendant, in spite of his plea of guilty, was entitled to appeal and present issues relating to jurisdiction of the court and to the sufficiency of the pleading charging violation of the ordinance." See also State v. White, 429 S.W.2d 277 (Mo. App.1968).

It is generally stated that "prosecution for violation of a municipal ordinance is a civil proceeding with quasi-criminal aspects." Kansas City v. Martin, 369 S.W.2d 602, 608 (Mo.App.1963). Section 98.020, RSMo 1969, entitled "General Provisions" and perhaps designed to apply to all municipalities does provide, in part: "Appeals from police courts and for violation of an ordinance of a city, town or village shall

be in the nature of a criminal appeal from a magistrate." [2]

We appreciate, as did the Court of Appeals, the difficulty of resolving the case in a manner consistent with the restrictions heretofore placed on appeals from a plea of guilty in any court. Nevertheless, we must do so in conformity with present constitutional standards as delineated by the Supreme Court of the United States. For instance, as said in Argersinger v. Hamlin, supra, 407 U.S. 1. c. 37, 92 S.Ct. at 2012: "We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." See also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A sentence and judgment calling for confinement, based on a plea of guilty, cannot stand unless the plea was entered voluntarily, intelligently, knowingly and with advice of counsel—unless waived. Rules 25.04, 27.25 and 27.26, allowing for review of such proceedings, were designed to meet existing constitutional standards, and to the extent the cases cited are considered in conflict therewith, they should no longer be followed. However, can a comparable result be reached reference a plea of guilty in a municipal court? Rule 25.04 contemplates a court of record which the municipal court is not; Rule 27.26 is available to a defendant "in custody under sentence" and calls for proceedings thereafter to be in "the court which imposed such sentence" and even though the fact defendant is not confined be ignored, it is not reasonable that post-conviction proceedings contemplated by Rule 27.26 could be handled adequately in a municipal court; and writs of habeas corpus or error coram nobis would create similar problems although the former is always available.

The problem, however, is not unique. Other states have sought to accommodate present day standards to historical precedents as may be seen in the Annotation, "Plea of guilty in justice of the peace or similar inferior court as precluding appeal" in 42 A.L.R.2d 995, supplemented in Later Case Service, 40–48, at page 253.

In resolution of the problem, we have concluded that a practical, and constitutionally acceptable, result can be reached under the latest rules promulgated by this court and specifically made applicable to municipal court proceedings.[3]

■ Rule 37.78 allows an appeal by a defendant from a "judgment entered" in the municipal court, and the rule does avoid use of the word "conviction" as an element of the basic result from which an appeal is authorized; and, to that extent, at least, it makes the Haller, Beck, Geiger and LaDriere cases distinguishable. Furthermore, the rule is consistent with Section 512.020, held to be controlling in the Stricklin case, supra, in that the statute allows an aggrieved party to appeal from "any judgment." Neither the rule nor the statute make an exception if the judgment entered did follow a plea of guilty. Defendant had a right to appeal, but the more difficult task is determining the extent of

---

2. Although not applicable to the City of Kansas City, we do observe that §§ 98.280, 98.-460 and 98.630, pertaining, respectively, to cities of the second class, third class and fourth class, provide for appeals from the municipal court "except from judgment on a plea of guilty." Consideration of the possible problems flowing therefrom should be of interest to the Executive Council of the Judicial Conference of Missouri.

3. Rule 37.78 provides: "A defendant and the municipality shall be entitled to appeal from a judgment to the circuit court of the county or such other court having jurisdiction of such appeals within the time and in the manner provided by law.

Rule 37.84 provides, in part: "After an appeal from judgment rendered in a municipal court has been entered upon the docket of the circuit or other court having jurisdiction of the appeal, the case shall be heard, tried and determined de novo in such circuit or other court *as though the prosecution had originated in such court."* (Emphasis added.)

review or procedure to be followed by the circuit court after the appeal is lodged.

Rule 37.84 provides that the "case shall be heard, tried and determined de novo in such court . . . as though the prosecution had originated in such court." We also note that Section 98.020, heretofore quoted, provides that an appeal for violation of an ordinance "shall be in the nature of a criminal appeal from a magistrate," and the LaDriere and Stricklin cases, after pleas of guilty, did limit review to the jurisdiction of the court and sufficiency of the pleading therein. However, it is true that none of the cases noted involved an alleged unconstitutional plea under present-day standards and to that extent they are not controlling in this case.

■ Rule 37.84, generally, directs the circuit court to process the case as though it had *originated* in that court. Assuming for the moment that it had and there was a later challenge to the plea of guilty and a request for leave to withdraw the same under Rule 27.25, which provides, in part: ". . . to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea," the circuit court would have had a duty to ascertain whether or not the guilty plea had been made intelligently and knowingly. State v. Williams, 361 S.W.2d 772 (Mo. banc 1962) and State v. Smith, 421 S.W.2d 501 (Mo.1967). The wording of the rule would not prohibit the same approach to a plea previously entered in municipal court, but, to the contrary, would compel the same once the defendant (with constitutional rights attached) came within the jurisdiction of the circuit court. Furthermore, the cases cited do not hold that the only procedure authorized in circuit court is to have a trial de novo. While considering the jurisdiction of the court or sufficiency of the pleadings, as called for by the LaDriere and Stricklin cases, supra, the circuit court is performing what more accurately would be called an appellate function and there is no logical reason why reviewing the validity of a plea can not fall into the same classi-

fication. Any arguments to the contrary must give way to the accepted constitutional standards of today and the rules noted appear to be compatible therewith. Furthermore, failure to raise constitutional questions in municipal court is not considered a waiver of the same. City of Ferguson v. Nelson, 438 S.W.2d 249 (Mo.1969).

■ If there is a constitutional challenge to the plea of guilty made in municipal court, after an appeal has been lodged in circuit court, the judge thereof will hold a hearing thereon and proceed as follows:

1. If the challenge is denied, the cause shall be remanded to the municipal court for execution of sentence.

2. If the challenge is sustained, the cause shall be heard de novo.

The preliminary writ of prohibition heretofore issued is quashed.

All concur.