STATE of Missouri,
Plaintiff-Respondent,

v.

Robert Earl O'NEAL,
Defendant-Appellant.

No. 12122.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 30, 1981.

David Robards, Public Defender, Joplin, for defendant-appellant.

William J. Fleischaker, Pros. Atty., Joplin, for plaintiff-respondent.

**PER CURIAM:**

This case stems from the unsuccessful effort of the defendant to withdraw a plea of guilty entered in the associate division of the circuit court of Jasper County. Upon the entry of that plea the court continued the case to a day certain. Then, following a considerable delay (apparently the defendant was elsewhere incarcerated) different counsel was appointed for him. Before he was sentenced, the defendant filed a motion to withdraw his plea of guilty. That motion was premised upon misapprehension of the consequences of the plea of guilty. The motion was overruled and upon the same day the defendant was sentenced to one year in the county jail. He then filed what he termed "An Application for a Trial de Novo as Provided in Rule 30.33 and § 543.-290". Upon considering that application, the circuit court found "that defendant is not entitled to a trial de novo after entering a plea of guilty" and denied the application without an evidentiary hearing upon any issue. The defendant appeals contending that at least he was entitled to a hearing upon his motion to withdraw his plea of guilty.

It is well to first note two procedural points that narrow the issue presented. First, the defendant filed his motion to withdraw his plea of guilty before he was sentenced. See Rule 29.07(d), Mo.Rules of Court 1981 Pamph. Second, a difference has been recognized between an appeal from an order denying such withdrawal and an appeal from a judgment imposing the sentence upon the defendant. *State v. England*, 599 S.W.2d 942 (Mo.App.1980) [1]. The application for trial de novo in this case makes reference to both the order overruling the motion and the judgment of the associate circuit court. However, it is clear from that application the defendant sought relief from the order denying withdrawal. That application will be considered as an appeal from that order. See *State v. England*, supra.

1. No decision has been found involving an appeal from a judgment in which the point of error asserted was the failure of the trial court to sustain a motion, filed before sentence, to withdraw a guilty plea. Compare *State v. Le Page*, 536 S.W.2d 834 (Mo.App.1976).

As it has been sagaciously observed in regard to a similar issue, "[w]hat, at first blush, appears to be a simple problem tends to become insoluble if resolution of the same is sought in strict compliance with all relevant statutory provisions and case law precedents noted by the parties". *State ex rel. Kansas City v. Meyers*, 513 S.W.2d 414, 416 (Mo.banc 1974). Nevertheless, the development of the applicable rules, statutes and case law precedents must be considered in resolving the issue presented.

The case law precedents are more fully developed in respect to appeals from the circuit courts to the appellate courts than in respect to appeals from municipal, justice, or magistrate courts to the circuit courts. From *State v. Stephens*, 71 Mo. 535 (1880) to *King v. State*, 615 S.W.2d 69 (Mo.App. 1980), it has been consistently held that an appeal lies from an order of the circuit court denying withdrawal of a plea of guilty entered in that court.[2] This was true when there was no express provision by rule or statute for a motion for such withdrawal. *State v. Stephens*, supra; *State v. Dale*, 282 Mo. 663, 222 S.W. 763 (1920). It has been true since there has been express provision by rule for such a motion. *State v. White*, 429 S.W.2d 277 (Mo.App.1968); *State v. England*, supra; Rule 29.07(d).[3] It has been so held without reference to any statute or rule expressly making the same appealable and under statute and rule merely authorizing an appeal after final judgment. § 547.070; Rule 30.01. It has also been consistently held that an appeal lies from a final judgment of the circuit court imposing a sentence, even though that judgment is based upon the defendant's plea of guilty. *Kansas City v. Stricklin*, 428 S.W.2d 721 (Mo.banc 1968); *State v. La*

*Driere*, 299 S.W.2d 512 (Mo.banc 1957). However, in such cases "[t]he scope of review of this direct appeal following a guilty plea is restricted to the question of the jurisdiction of the subject matter and the sufficiency of the criminal charge". *State v. LePage*, 536 S.W.2d 834, 835 (Mo.App. 1976). Also see *Riley v. State*, 588 S.W.2d 738 (Mo.App.1979).

At an early date it was held there was no appeal following a plea of guilty in the municipal or justice courts. *State v. Haller*, 23 Mo.App. 460 (1886); *The City of Edina v. Beck*, 47 Mo.App. 234 (1891). At a later date rules of criminal procedure were adopted to "govern the procedure in all courts of this state having jurisdiction of criminal proceedings". Rule 19.01 (prior Rule 36.01). These rules as they pertained to appeals from a plea of guilty in the magistrate court were considered in *State v. La Driere*, supra. That case recognized the intent of rules to provide for an appeal following a plea of guilty in the magistrate court. However, the rules were not so construed because such a construction would change the right of appeal as defined by statute in force at the time the rules were adopted, contrary to Mo.Const. art. 5, § 5, 1945.

In *State ex rel. Kansas City v. Meyers*, supra, the Supreme Court considered the right of appeal following a guilty plea in a municipal court. In that case the court again noted the applicable rules of criminal procedure and said: "Rules 25.04, 27.25 and 27.26, allowing for review of such proceedings, were designed to meet existing constitutional standards, and to the extent the cases cited are considered in conflict therewith, they should no longer be followed." *State ex rel. Kansas City v. Meyers*, supra,

---

**2.** For additional cases see *State v. Skaggs*, 248 S.W.2d 635 (Mo.1952); *State v. Cochran*, 332 Mo. 742, 60 S.W.2d 1 (1933); *State v. Hare*, 331 Mo. 707, 56 S.W.2d 141 (1932); *State v. Kellar*, 332 Mo. 62, 55 S.W.2d 969 (1932); *State v. Dale*, 282 Mo. 663, 222 S.W. 763 (1920); *State v. Kring*, 71 Mo. 551 (1880); *State v. Zito*, 595 S.W.2d 383 (Mo.App.1980).

**3.** "The rule in this state is that an application made pursuant to Rule 27.25 V.A.M.R. after

imposition of sentence is necessarily an attack on the validity of the sentence within the meaning of Rule 27.26 V.A.M.R. and the procedure to be followed is the same as that set out in Rule 27.26 V.A.M.R. for a proceeding under that Rule." *Bradley v. State*, 564 S.W.2d 940, 942 (Mo.App.1978). Also see *State v. Arnold*, 419 S.W.2d 59 (Mo.1967); *State v. Zito*, supra, n. 2.

513 S.W.2d at p. 417. (Former Rule 25.04 is now Rule 24.02 and former Rule 27.25 is now Rule 29.07(d)).

The court then posed the question "can a comparable result be reached reference a plea of guilty in a municipal court?" *Meyers*, supra, at p. 417. The result referred to being a right of review of a judgment entered in a municipal court upon a plea of guilty. After an analysis of case precedent, rules and statutes, it was held that the constitutional challenge to the plea of guilty should be the subject of a hearing in the circuit court. If as a result of that hearing the challenge was denied, the cause was to be remanded to the municipal court but if sustained it was to be heard de novo.

Rules 24.02, 29.07(d) and 27.26 which are "designed to meet existing constitutional standards", are directly applicable to the associate division of the circuit court. Those rules must be followed by the associate division of the circuit court. The question before this court is whether or not there is a remedy by appeal if the associate division of the circuit court does not follow or erroneously applies those rules. Those rules were adopted before the constitutional judicial reorganization of 1976 and the adoption of the legislation implementing that reorganization. It would be incongruous to find that the Supreme Court had adopted rules to meet existing constitutional standards in regard to guilty pleas and there was no remedy by appeal for a breach of those standards.

Since judicial reorganization, the extent of the right of appeal following a plea of guilty has not heretofore been defined by the appellate courts.[4] Rule 30.33 provides:

The provisions of Sections 543.290, 543.-300, 543.310, 543.320, 543.330, and 543.335, RSMo shall govern procedure in requests for trial de novo or appeals in criminal proceedings pending before an associate circuit judge in which no record is kept. In criminal proceedings pending before an associate circuit judge in which a record is made, Rules 30.01 through 30.32, inclusive, shall govern the procedure for appeal. Rule 30.33 Mo.Rules of Court 1981 Pamph.

As the defendant entered his plea and was sentenced in proceedings in which no record was kept, the basic statutory provision that is applicable is § 543.290, RSMo 1978. The pertinent part of that section provides as follows:

Any person convicted before an associate circuit judge for any misdemeanor or infraction may have a trial de novo if the cause was not tried before a jury upon the record or before the judge upon the record by special assignment or transfer, if he shall file, within ten days after judgment is rendered, an application for a trial de novo stating that he is aggrieved by the verdict and judgment in the case and that application is not made for vexation or delay.

This provision is substantially the same as that considered in *State v. La Driere*, supra, with the term "associate circuit judge" being substituted for the term "magistrate". On initial consideration it would appear no appeal may be had following a guilty plea in the associate circuit court. However, that result does not follow.

Section 543.290 must be construed and applied under the more recent decision of *State ex rel. Kansas City v. Meyers*, supra. By its terms, § 543.290 provides for an appeal (an application for a trial de novo), "[i]f the cause was not tried before a jury upon the record or before the judge upon the record by special assignment or transfer". The latter part of that statute requires that the appellant be aggrieved "by the verdict and judgment in the case". The term "verdict" as used in that section has been declared to mean a determination of a jury. *State v. La Driere*, supra. However, under the judicial reorganization, if there is a jury trial, a record shall be kept and there will be an appeal to the appropriate appellate court. § 543.335. Yet § 543.290 must

4. In *State v. Fender*, 600 S.W.2d 683 (Mo.App. 1980) it was held that when a plea of guilty is entered in the associate division of the circuit court not on the record, an appeal does not lie to a court of appeals.

be construed to grant a defendant some right of appeal from an adverse judgment of the associate division of the circuit court in a case not tried before a jury upon the record. It appears the term "verdict" was inadvertently used and should be disregarded.[5] So construed, § 543.290 authorizes an appeal by a party aggrieved by the final judgment. As heretofore noted, when Rules 24.02, 29.07(d) and 27.26 have been considered under a statute or rule providing for an appeal from a final judgment, they have been construed as authorizing an appeal from an order denying the withdrawal of a plea of guilty. *King v. State*, supra.

Also to be considered is § 543.310 which in part provides "[t]he cause shall be heard anew on the merits under procedures applicable before circuit judges". When considered with the background of case precedent, rules and statutes, § 543.310 is comparable with Rule 37.84 providing for appeals from municipal courts which reads in part "the case shall be heard, tried and determined de novo in such circuit or other court as though the prosecution had originated in such court". It was this rule that was before the court in *Meyers*. As observed in *Meyers*, "the cases cited do not hold that the only procedure authorized in circuit court is to have a trial de novo". *Meyers*, at p. 418. Nor does § 543.310 define the extent to which an appellant by a plea of guilty limited his right to a full de novo hearing. When the limitations upon the scope of appeal from pleas of guilty in the

circuit court under Rules 24.02, 29.07(d) and 27.26 are applied to appeals from the associate division of the circuit court, they do not change that right of appeal provided in those statutes but define self-imposed limitations upon the matters to be considered in the circuit court. Upon an appeal following a plea of guilty, the right to a hearing de novo in the circuit court is subject to the same limitations as upon an appeal from the circuit court.

In this case the defendant sought to withdraw his plea of guilty before sentence and has appealed from an order denying that withdrawal. Under these circumstances, the circuit court should hold a hearing to determine if, under applicable standards, that withdrawal should be permitted. If not, the cause should be remanded to the associate division of the circuit court for execution of the sentence. If withdrawal is permitted, the circuit court should hear the case de novo.[6] *State ex rel. Kansas City v. Meyers*, supra. The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.

All concur.

---

5. The term conviction is not always used in connection with a jury trial. *State v. Myers*, 588 S.W.2d 236 (Mo.App.1979); 9A Words and Phrases, Convicted; Conviction.

6. When a plea of guilty is withdrawn, "the judgment fails for lack of support". *State v. Begley*, 534 S.W.2d 632, 635 (Mo.App.1976).