**STATE of Missouri, ex rel. Shirley BOYD, Appellant,**

v.

**Honorable Daniel O'TOOLE, Respondent.**

No. 47835.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 5, 1984.

CRANDALL, Judge.

 Shirley Boyd, appellant herein, pled guilty to driving a motor vehicle while intoxicated before the Honorable Daniel O'Toole, an associate circuit judge. Appellant was sentenced to sixty days in the county jail. Execution of sentence was suspended and she was placed on two years' probation. Thereafter, appellant filed a motion to withdraw her plea of guilty. *See* Rule 29.07(d). Judge O'Toole denied her motion without an evidentiary hearing. Appellant then filed a petition for writ of mandamus in the circuit court seeking to compel Judge O'Toole to hold an evidentiary hearing. The circuit court denied appellant's petition without an evidentiary hearing. Appellant appeals from that denial.[1] We affirm.

The denial of appellant's motion to withdraw her plea of guilty in the associate circuit court is an appealable order. *State v. O'Neal*, 626 S.W.2d 693, 696 (Mo. App.1981). Since appellant entered her plea and was sentenced in proceedings in which no record was kept, she was entitled to a de novo hearing in the circuit court, subject to certain limitations. *Id.* at 695–96; § 543.290, RSMo (1978).

Mandamus is an extraordinary remedy and should not be granted where there is a remedy available through proper appeal. *State ex rel. Pisarek v. Dalton*, 549 S.W.2d 904, 905 (Mo.App.1977). The circuit court, therefore, correctly denied appellant's petition seeking a writ of mandamus.

The order of the circuit court is affirmed.

KAROHL, P.J., and REINHARD, J., concur.

James Leslie Thomas, Clayton, for appellant.

Keith Scott Larner, Clayton, for respondent.

1. Although neither party has questioned the appealability of the circuit court's order, that issue may be raised *sua sponte* because it goes to this court's jurisdiction. The record is unclear whether the court's action was on the peremptory writ or the alternative writ. The denial of the former is appealable, *State ex rel. Gorris v. Mussman*, 612 S.W.2d 357, 362 (Mo.App.1980), while the denial of the latter is not, *Baker v. St. Francis Levee District*, 606 S.W.2d 668, 670 (Mo. App.1980). Because the order appears to be a full determination of the rights of the parties, based on a stipulation of facts and full participation of the parties, we presume the court's action was a denial of the peremptory writ. The appeal is therefore properly before us.