### COMMONWEALTH *vs.* BENJAMIN F. SPILMAN.

Suffolk. March 29. — April 2, 1878. AMES & MORTON, JJ., absent.

An indictment for the forgery of an indorsement upon a promissory note must contain an averment that the words alleged to have been forged bore such a relation to the note as to be the subject of forgery; and the necessity of such averment is not obviated by an averment that the note is lost.

INDICTMENT on the Gen. Sts. *c.* 162, §§ 1, 2, in two counts. The first count charged that the defendant " did falsely make, alter, forge and counterfeit a certain indorsement in and upon a certain promissory note for the payment of money, said note purporting to be made by said Spilman payable to one T. W. Atherton, which said note is to the substance and purport following, that is to say: ' Boston, April 1st, 1876. $2000. One year after date I promise to pay to the order of T. W. Atherton two thousand dollars at any bank in Boston with interest at 7 per

cent. payable semiannually.  B. F. Spilman.'  And which said indorsement is to the purport following, that is to say : ' A. Mc-Questen.'  A more particular description of which said note and indorsement is to said jurors unknown, said note being destroyed and lost, with intent thereby then and there to injure and defraud."  The second count charged that the defendant " did utter and publish as true a certain false, forged, altered and counterfeit indorsement in and upon a certain promissory note for the pay · ment of money," and described the note and indorsement as in the first count.

In the Superior Court, before the jury were empanelled, the defendant filed a motion to quash the indictment, assigning the following grounds :

" 1. Because the two counts do not set out, and do not profess so to do, the promissory notes and the indorsements thereon, according to the tenor of each.

" 2. Because the allegations in said counts are uncertain and repugnant.

" 3. Because there is no allegation in the second count that the T. W. Atherton therein named indorsed the promissory note therein set out."

This motion was overruled.  The defendant then pleaded not guilty, and was tried, and. found guilty on both counts of the indictment ; and appealed to this court.

*G. A. Somerby & F. F. Heard*, for the defendant.

*W. C. Loring*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.

LORD, J.  This indictment is defective.  The charge against the defendant is that of " forging an indorsement in and upon a certain promissory note."  The statute for the punishment of forgeries includes " indorsement " as a subject of forgery; but it does not thereby authorize the pleader simply to charge that an indorsement has been forged, any more than it would authorize the simple allegation that the party charged has forged a " public record " or a certificate of a public officer in relation to a matter wherein such " certificate may be received as legal proof," " a will," or " a bond," or " a policy of insurance," or " a bill of exchange," or " an accountable receipt ; " but such facts must be set forth in the indictment as show that the crime

charged has been committed. In this case, such facts should have been set forth and such averments made as to show that the words put upon the back of the note were necessarily such as to make A. McQuesten a party to the instrument, and to declare the capacity in which he was a party. The only charge in this indictment is that the defendant falsely and fraudulently wrote upon the back of a certain promissory note for the payment of money the words, " A. McQuesten." Very many of the words used in the statute, such as " deed," " promissory note," " public record," " bill of exchange," and others, have a meaning well understood ·in law, but in these cases it is entirely insufficient to charge the forgery of such instrument merely by name. But the word "indorsement " has not a definite technical meaning in law or in fact other than "upon the back ; " and its meaning is always determined by the context, if in writing, and its connection, if by spoken words. It is as applicable to the receipt of a payment upon the note as to a party to the note, and properly includes filing, or any other memorandum which a person may place upon the back of the instrument. It includes not only such entries as pertain to the contract itself, but many entries which may have no relation to the contract. It may relate to things material to the subject of the contract, or to persons who are parties to the contract, or to such as are entirely immaterial to either. It is, therefore, necessary to show affirmatively that the words written, as written, became a part of an instrument which is a subject of forgery. Simply to write the words, " waiving demand and notice," upon the back of a note, when they are wholly immaterial, is not forgery, while they may be so written as to be the subject of forgery. It is, therefore, necessary that words, alleged to be forged, be shown or averred to have such a relation to the contract as to be the subject of forgery.

The words, " with intent thereby then and there to ̠njure and defraud,"· are words essential to the offence as charged, but do not enlarge the signification of the language which avers the facts necessary to be proved in order to constitute the offence.

The averment that the note is lost does not obviate the necessity of setting forth that which is necessary to show that the words alleged to be forged bore such relation to it as to be the subject of forgery. *Indictment quashed.*