STATE OF MISSOURI, Respondent, v. EUGENE J. HALLER, Appellant.

### Kansas City Court of Appeals, December 6, 1886.

PROCEEDINGS BEFORE JUSTICES FOR MISDEMEANORS—CONSTRUCTION OF SECTION 2058, REVISED STATUTES.—By section 2058, Revised Statutes, an appeal is provided for where any person is *convicted* before a justice of the peace for any misdemeanor, under the provisions of *article twenty-third* of the Revised Statutes. But no appeal lies where the defendant *pleads guilty*. Nor is the discretion of the justice in assessing the punishment against defendant, reviewable on appeal.

APPEAL from Cooper Circuit Court, HON. E. L. EDWARDS, Judge.

*Affirmed.*

Statement of case by the court.

This action was begun before a justice of the peace upon an information charging the defendant with the commission of a certain misdemeanor. The defendant, having been arraigned in the justice's court, "pleaded guilty in manner and form as charged in said complaint." It appears from the abstract of the record, filed by the defendant, that, thereupon, "the justice, after hearing the evidence, assessed his punishment at a

fine of one hundred and fifty dollars, and entered up judgment accordingly."

From said judgment defendant appealed to the circuit court. The circuit court sustained a motion to dismiss the appeal, for the reason that "the defendant entered a plea of guilty before the justice, and was not convicted."

From said judgment dismissing his appeal defendant has appealed to this court.

T. M. RICE, for the appellant.

I. The prosecution was for a misdemeanor, commenced by information, under section 2025, Revised Statutes. Under sections 2043, 2044, 2050, and 2058, Revised Statutes, two issues are submitted to the justice. *First*, the guilt of the defendant; *second*, the extent of the punishment. The first may be waived by a plea of guilty. But the extent of the punishment can only be determined by hearing of evidence "touching the nature of the case and the facts thereof." And upon such hearing the defendant "shall have an opportunity to be heard."

II. A defendant entering a plea that he committed the offence charged, is not thereby estopped from complaining that he has been aggrieved by the judgment of the justice in fixing his punishment. Any other conclusion is in plain violation of the manifest terms of the statute, and an arbitrary denial of the defendant's rights, "due process of law."

No brief for the respondent.

HALL, J.—The question is, did an appeal lie in favor of the defendant from the judgment of the justice of the peace assessing the punishment?

The contention, by the counsel of defendant, in favor of an affirmative answer to this question, is based upon sections 2043, 2044, 2050, and 2058, Revised Stat-,

utes. The argument made by the said counsel in support of their contention is, that by the information, two issues were submitted to the justice of the peace: (1) the guilt of defendant; (2) the extent of the punishment to be assessed against the defendant; that the guilt of the defendant was established by his plea of guilty, but that the extent of the punishment to be assessed against him was not affected thereby; and that, although the defendant was estopped from denying his guilt by his plea of guilty, he was not deprived of the right to appeal from the judgment assessing his punishment.

It is true that it is provided by section 2044 that upon a plea of guilty by a defendant "the justice shall assess the punishment and enter up the proper judgment, and in order thereto he *may* hear evidence touching the nature of the case, *or otherwise ascertain the facts thereof;* but in no case shall he accept the plea of the defendant and assess his punishment without giving the injured party notice, and an opportunity to be heard;" but we do not think the provisions of said section support the position of the defendant's counsel. Neither do we think that said position is supported by the other sections of the statute cited.

We shall but briefly state our reasons for holding as we do. The justice does not have to hear evidence from any one but the *injured party.* Where there is no injured party the justice *may* hear evidence in order to ascertain the facts of the case, or he may ascertain the facts otherwise, without hearing evidence at all. The extent of the punishment cannot be an issue, because it may be determined without hearing evidence.

The extent of the punishment is not an issue for another reason. The justice must assess the punishment. Were it an issue, the defendant ought to be entitled to a jury.

It is conceded that the plea of guilty is final and conclusive upon the guilt of defendant, unless set aside

or withdrawn, and that no appeal lies from it. The judgmemt rendered where there is a plea of guilty is an entirety. The judgment is not divisible. The portion of the judgment assessing the punishment is not separable from the remainder of the judgment. An appeal, if it lies, lies from the judgment as a whole.

By section 2058, an appeal is provided for where any person is *convicted* before a justice of the peace for any misdemeanor under the provisions of article 23, Revised Statutes. A person who pleads guilty cannot be said to be convicted. No appeal lies in a case where the defendant pleads guilty. That this is true is further shown by section 2063, Revised Statutes, which provides that " * * * if the appeal be regularly taken, the cause shall be heard on the merits." That is to say, the whole cause shall be tried, in the appellate court, *de novo.*

The discretion of the justice in assessing the punishment against the defendant was not reviewable on appeal. The appeal was properly dismissed by the circuit court.

Judgment affirmed. All concur.