THE CITY OF MEXICO, Appellant, v. SARAH GEIGER *et al.*, Respondents.

Kansas City Court of Appeals, April 3, 1893.

Action: APPEAL: BOND: JUDGMENT BY CONFESSION. A city recorder or justice of the peace cannot grant an appeal from a judgment on a plea of guilty, and an appeal bond in such case will not operate as a *supercedeas* nor sustain an action.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*S. W. Bickley*, for appellant.

"An appeal bond actually given, although given in a case in which by law an appeal would not lie," is valid. *Chase v. Smith*, 4 Cranch C. Ct. 90; Revised Statutes, 1889, sec. 4380; *Given v. Corse*, 20 Mo. App. 132; *Vogel v. Meyer*, 23 Mo. App. 427; *Brewing Co. v. Neiderweiser*, 28 Mo. App. 233; *Stillwell v. Aaron*, 69 Mo. 539; *Bowen v. Reed*, 34 Ind. (Black.) 430; Story on Contracts, sec. 548; *State v. Sutcliff*, 17 Atl. Rep. (R. I.) 920. The court erred in refusing to grant plaintiff a new trial.

*Dryden & Moore*, for respondents.

GILL, J.—Defendant Geiger was charged before the city recorder of Mexico with the violation of an ordinance of the city. He appeared, entered a plea of guilty and was fined $50 by the recorder. From the judgment Geiger appealed to the circuit court, and he and his co-defendants made the so-called appeal bond here in suit. This so-called appeal was dismissed by the circuit court, clearly on the ground that no appeal would lie from a judgment of the recorder entered on a *plea of guilty*. The case we have here is a suit by the city of Mexico on the appeal bond above referred to, and from a judgment below in defendants' favor plaintiff has appealed.

The bond in question was taken by the recorder of the city of Mexico without authority of law, and is utterly void and of no effect. It is provided by the charter of the city of Mexico that, "Appeals may be taken from the judgment of the recorder in like manner as the same are taken from judgments of justices of the peace." A judgment before a justice of the peace in such cases entered on a plea of guilty is not appeal-

able. *State v. Haller*, 23 Mo. App. 460; Revised Statutes, 1889, sec. 4367. And so in civil cases a justice's court by confession cannot be appealed from. Revised Statutes, 1889, sec. 6327.

It follows then that the city recorder of Mexico had no right or authority under the law to allow an appeal of the judgment against Geiger, nor any authority whatever to take the bond here in question. The action of the recorder was clearly *coram non judice* null and void. The case stands then as though the recorder had not acted at all; the allowance of the appeal and taking of the bond was wholly inoperative for any purpose; it did not operate as a *supercedeas* to stay execution of the judgment against Geiger.

The judgment of the circuit court was manifestly for the right party and will be affirmed. All concur.