## THE STATE v. IRVIN LEONARD, Appellant.

**Division Two, May 20, 1913.**

1. **APPEAL: Governed by Statute.** The right to an appeal from a judgment of conviction in a court of general common law jurisdiction did not exist at common law, but is purely statutory, and the Legislature may grant, restrict or withdraw the right as its discretion prompts, in either criminal or civil cases.

2. ———: **Not Timely Perfected: Mandatory Statute.** The statute (Sec. 5313, R. S. 1909) providing that in any felony case other than where the penalty is death, the appeal shall be perfected within twelve months from the time it was granted, and that upon appellant's failure to so perfect it, the appellate court, upon motion, shall dismiss such appeal, unless the appellant shall show good cause for not having sooner perfected it, is mandatory in its terms, and the court is limited in its enforcement to a dismissal unless the appellant show good cause for the delay beyond the twelve months.

3. ———: ———: **Section 5312 Not Applicable.** Section 5312, Revised Statutes 1909, dispensing with assignments of error, and requiring the Supreme Court to proceed upon the return of an appeal or writ of error in a criminal case to speedily hear and determine the same upon the record, has no application when the appeal has not, without excuse, been perfected within twelve months after it was granted.

4. ———: ———: **This Case.** Where the appellant was convicted in the circuit court of setting up and keeping a gambling device, and an appeal was allowed to the Supreme Court on December 9, 1910, and the transcript was filed with the clerk on March 6, 1913, the appeal was not perfected within one year after it was granted; and a motion to dismiss, after proper and timely notice thereof to appellant, and no showing is made by him why it was not sooner perfected, is sustained.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock,* Judge.

APPEAL DISMISSED.

*Henry M. Walsh* for appellant.

*John T. Barker,* Attorney-General, and *Ernest A. Green,* Assistant Attorney-General, for the State.

On December 9, 1910, defendant filed his affidavit for and was duly granted an appeal to this court. He did not appeal as a poor person, but entered into an appeal bond and has been ever since continuously out on bond. Later, on February 2, 1911, and during the December term, 1910, of the circuit court of the city of St. Louis, defendant was granted time in which to file his bill of exceptions. This time was afterwards extended by various orders of the court until the 26th day of June, 1911. The bill of exceptions was finally filed on June 19, 1911. On March 6, 1913, more than two years after "the time the appeal was granted," and almost two years after the filing of the bill of exceptions herein, appellant perfected his appeal by filing a transcript of the record in this case with the clerk of this court. Owing to the great lapse of time in perfecting this appeal and the plain mandates of the statute, Sec. 5313, R. S. 1909, we feel that justice can only be conserved and the policy of the law enforced by a dismissal of this appeal. State v. Pieski, 248 Mo. 715.

WALKER, J.—This case is before us on a motion filed by the Attorney-General to dismiss the appeal. The defendant was convicted in the circuit court of the city of St. Louis for setting up and keeping a gambling device called a "crap game," and his punishment assessed at six months' imprisonment in the city workhouse. An appeal was allowed to this court on the 9th day of December, 1910. Defendant gave bond, and a stay was granted. The bill of exceptions was, after several extensions of time therefor, filed in the trial court, June 19, 1911. Nothing further was done in the matter until March 6, 1913, when defendant filed a transcript with the clerk of this court, thus

·Appeal:
Not Perfected
Within
One Year.

perfecting the appeal. The motion of the Attorney-General is filed under the authority of the statute (Sec. 5313, R. S. 1909) which provides that in any felony other than where the sentence is death, the appeal shall be perfected within twelve months from the time the same was granted, and upon failure so to do, the court ·upon motion shall dismiss such appeal unless the defendant shall show good cause for not having sooner perfected same.

The Attorney-General, after proper and timely notice to defendant, filed the motion to dismiss, March 22, 1913, and it was passed to be heard with the cause. At the present April term (April 10, 1913) the cause was called for hearing and was submitted on the motion to dismiss by the State, no brief having been filed or other appearance entered by the defendant. The statute (Sec. 5313, supra) is mandatory in its terms, and the court is limited in its enforcement only upon the showing of good cause by the defendant for not having perfected his appeal within the time prescribed.

The statute (Sec. 5312, R. S. 1909) dispensing with assignments of error and requiring this court to proceed upon the return of an appeal or writ of error in a criminal case and to speedily hear and determine the same upon the record, has no application when the appeal is not perfected within twelve months from the time of the granting of same, except, of course, where a defendant shows good cause for delay beyond that time.

No right of appeal existed at common law; being purely of statutory creation, the Legislature may grant, withdraw or restrict the right as its discretion prompts in criminal as well as in civil cases. In order that a party may avail himself of the right to an appeal, he must conform to the requirements of the statute creating the right.

This the defendant has not done. More than two years had elapsed after the granting of his appeal before he perfected same by filing the transcript with the clerk of this court. No effort has been made to account for this unusual delay, and we are of the opinion that the motion to dismiss the appeal should be sustained, and it is so ordered. *Brown, P. J.,* and *Faris, J.,* concur.