THE STATE v. ISAAC PEARSON, Plaintiff in Error.

Division Two, May 26, 1921.

1. **CRIMINAL LAW: Plea of Guilty: Confesses Facts Stated in Information: Appeal or Writ of Error.** A plea of guilty in a criminal case only confesses the truth of the facts stated in the information and does not involve a plea of guilty of a violation of the statute upon which the information is based unless the information correctly charges the commission of that offense. And after such a plea the defendant may, by appeal or writ, or error, take advantage of any defect in the information.

2. ———: Fraudulent Voting: Residence: Information. An informa-
tion in a criminal case based on Section 3209, Revised Statutes 1919,
which after charging the holding on a certain day of an election
in a certain township in a certain county in this State, setting
out the different offices for which the election was held and that
defendant appeared at a certain polling precinct in said township
and county and falsely, etc. applied for and received and cast a
ballot at said election, stated the offense thus: "without having
a lawful right to vote therein, in this to-wit: That he the said
Isaac Pearson was not then and there a resident and qualified voter
in said election precinct of said township in said county and was
not then and there a citizen of Pemiscot County, Missouri, for a
period of one year before the date of said election, all of which
the said Isaac Pearson then and there well knew," is insufficient
because it fails to charge that defendant was an illegal voter
either in not having resided in the State for the requisite time, or
in the county for the requisite time or in failing to reside in the
township in which he sought to vote as provided by Section 2 of
Article 8 of the Constitution and Section 4748, Revised Statutes
1919.

Writ of Error to Pemiscot Circuit Court.—*Hon. Sterling
H. McCarty,* Judge.

REVERSED AND DEFENDANT DISCHARGED.

*C. G. Shepard* for plaintiff.

(1) It was not necessary for defendant to reside in
precinct No. 1 of Virginia Township, Pemiscot County,
Missouri, in order to be a legal voter in said precinct,
but it was sufficient if he resided within Virginia Town-
ship and said information failing to state that he did
not reside within Virginia Township, fails to state an
offense against the laws of the State of Missouri, and the
plea of guilty entered to said charge is a nullity and the
defendant should be discharged. Sec. 2, Art. 8, Mo. Const.;
Sec. 4748, R. S. 1919. (2) It was not necessary for de-
fendant to have resided within Pemiscot County, Mis-
souri, for a period of one year before the date of said
election, but it was sufficient if he had resided within
said county sixty days before said election, if he had re-

sided within the State of Missouri one whole year next before said election. There being no charge in the information that defendant had not resided within the State of Missouri, one year before the date of said election, and no charge that he had not resided within Pemiscot County sixty days next before said election, said information is fatally defective and states no crime against the election laws of the State of Missouri. (3) Informations charging a party with illegal voting must state the facts making the voting illegal, and stating the conclusion of the pleader is not sufficient. State v. Judd, 221 Mo. 554; State v. Miller, 132 Mo. 297; State v. Hilderle, 203 Mo. 574. (4) A form for informations of this nature could be found in the case of State v. Whalen, 234 Mo. 539, but the scantily worded information in this case does not in the least degree meet the requirements of the Whalen case.

*Jesse W. Barrett,* Attorney-General, and *Albert Miller,* Assistant Attorney-General, for respondent.

Plaintiff in error in his brief presents the sole question of the insufficiency of the information. We concede that the information is insufficient, and fails to charge any offense under either Sec. 3209 or 3224, R. S. 1919. Sec. 2, Art. 8, Mo. Const.; Sec. 4748, R. S. 1919, and cases cited in brief of plaintiff in error.

WHITE, C.—On information filed November 14, 1920, in the Circuit Court of Pemiscot County, defendant was charged with illegal voting on the second day of November, 1920. On the seventeenth of November, at the same term of court, the defendant appeared in person in court, waived arraignment, plead guilty to the information as charged, and his punishment was fixed at two years imprisonment in the penitentiary. Afterwards a writ of error was sued out in this court by the defendant.

I. By his plea of guilty the defendant confessed only the truth of the facts stated in the information. It

did not involve a plea of guilty of violation of the statute against illegal voting unless the information correctly charged the commission of that crime. He could take advantage of any defect in the information by appeal or by writ of error. [State v. Kelley, 206 Mo. l. c. 693; State v. Reppley, 278 Mo. l. c. 339.]

**Plea of Guilty: Confesses Facts.**

II. The information charged that on the —— day of November, 1920, while an election was being held in Virginia Township, Pemiscot County, State of Missouri (setting out the different offices, national, state and county for which the election was being held), the defendant appeared at polling precinct No. 1 of Virginia Township of Pemiscot County, falsely applied for and received a ballot, and cast said ballot at said election. Then the information states the offense thus:

**Information: Illegal Voting: Necessary Allegations.**

"Without having a lawful right to vote therein, in this, to-wit: That he the said Isaac Pearson was not then and there a resident and qualified voter in said election precinct of said township in said county, and was not then and there a citizen of Pemiscot County, Missouri, for a period of one year before the date of said election, all of which the said Isaac Pearson then and there well knew."

Apparently the information attempts to charge an offense in violation of Section 3209, R. S. 1919, in that he knowingly voted at an election when he was not a qualified voter. Section 2, Article 8, of the Missouri Constitution defines the residence necessary for a qualified voter; first, he shall have resided in the State for one year, and in the county, city or town where he offers to vote, at least sixty days, immediately preceding the election. Section 4748, R. S. 1919, requires that a voter shall reside in the State one year, and in the county sixty days immediately preceding the election, "and shall vote only in the township in which he resides, or,

if in a town or city, then in the election district therein in which he resides.''

It will be noticed that the information does not charge that Pearson was not a resident of the State one year next before the election, but that he was not a resident of Pemiscot County. A voter is not required to be a resident of the county for more than sixty days. It further says that he was not a resident at the time ''in said election precinct in said Virginia Township.'' The statute does not require that he shall live in the *precinct* in which he voted, but only that he shall vote in the *township* in which he resides. The information fails to charge that defendant was an illegal voter either in not having resided in the State for the requisite time, or in the county for the requisite time, or in failing to reside in the township in which he sought to vote. The information, therefore, charges no offense.

The judgment is reversed and the defendant discharged. *Railey* and *Mozley, CC.,* concur.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.