State v. Small.

---

## THE STATE v. F. O. SMALL, Plaintiff in Error.

Division Two, February 26, 1926.

1. **INVALID INFORMATION:** Plea of Guilty: Invalid Judgment. A plea of guilty only admits the truth of what is sufficiently charged in the information; and if the information or indictment charges no offense the judgment against defendant is invalid, and despite his plea of guilty he can question the sufficiency of the formal charge by appeal or writ of error.

2. **FORGERY:** Insufficient Information. The information charged that defendant falsely made a certain false, forged and counterfeit indorsement upon the front of a certain instrument, said indorsement purporting to be made by one A. C. Lucas, and set out the instrument in full, and on the face of the instrument appears the words: "This draft will not be honored unless it is properly endorsed on the back and the attached voucher dated and signed by the payee." The information did not charge that the draft was indorsed on the back by the payee or that the attached voucher was dated and signed by the payee, both of which were necessary to its negotiability and both averments were essential to the validity of the information under the statute (Sec. 3436, R. S. 1919) declaring that every person who, with intent to injure or defraud, shall falsely alter or forge an instrument of writing, purporting to be the act of another, by which any pecuniary demand shall be or purport to be transferred, shall be guilty of forgery in the third degree. The information did not therefore charge forgery under the statute, and the judgment is reversed, despite defendant's plea of guilty.

---

Criminal Law, 16 C. J., Section 738, p. 403, n. 70, 75. Forgery, 26 C. J., Section 68, p. 931, n. 68; Section 91, p. 943, n. 10; p. 944, n. 15, 28. Indictment and Information, 31 C. J., Section 257, p. 703, n. 86.

Writ of Error to Greene Circuit Court.—*Hon. Warren White,* Judge.

Reversed.

*Page & Barrett* for appellant.

(1) A plea of guilty only admits the truth of whatever is sufficiently charged in the information. If no crime is charged, the plea confesses none. The defendant is not prevented thereby from attacking the information as charging no offense, and an appeal may be taken or a writ of error prosecuted, notwithstanding a plea of guilty. State v. Kelley, 206 Mo. 685; State v. Rosenblatt, 185 Mo. 114; State v. Sidenbender, 185 Mo. 124; State v. Baughman, 184 Mo. 192; State v. Levy, 119 Mo. 43. (2) In the forgery of an indorsement, the indictment must have such averments as will make the offense affirmatively appear. 3 Bishop's New Crim. Proc. sec. 410; 26 C. J. 944 (28). If an indictment is conditional, a compliance with the conditions must be shown. 26 C. J. 944 (15); State v. Leonard, 171 Mo. 622. All things set forth in the statute, which are ingredients of the offense, must be alleged. State v. Plotner, 22 S. W. 767; State v. Washington, 259 Mo. 335; State v. Hesseltine, 130 Mo. 468; State v. Minton, 116 Mo. 605; State v. Watson, 65 Mo. 115.

*North T. Gentry,* Attorney-General, and *J. Henry Caruthers,* Assistant Attorney-General, for respondent.

The information is based on Sec. 3436, R. S. 1919, and attempts to charge appellant with forgery of a pecuniary demand, in the third degree, in that appellant made a false and fraudulent indorsement on the front of a certain instrument which is set out in the information *in haec verba.* The instrument alleged to have been thus forged, falsely made and counterfeited contains this clause: ''This draft will not be honored unless it is properly indorsed on back and the attached voucher dated and signed by the payee.'' It is conceded by the State that the information is insufficient.

WALKER, P. J.—The plaintiff in error was charged by information in the Circuit Court of Greene County with forgery in the third degree of a pecuniary demand in that he made a false and fraudulent indorsement on the front of a certain instrument. Upon being arraigned he entered a plea of guilty and was sentenced to two years' imprisonment in the penitentiary.

Thereafter upon the complaint of the plaintiff in error a writ of error was issued by this court directed to the judge of the Twenty-third Judicial Circuit in which the sentence had been pronounced against him. In compliance therewith the clerk of the criminal court in that circuit has sent to this court a transcript of the record and proceedings against the plaintiff in error in this case.

The copy of the information upon which judgment was rendered against the plaintiff in error, omitting formal matters, is as follows:

That F. C. Small "did then and there wilfully, unlawfully and feloniously forge, counterfeit and falsely make a certain false, forged and counterfeit indorsement upon the front of a certain instrument in writing by which a pecuniary demand, obligation, right and claim to money purported to be conveyed, transferred and created, said indorsement purporting to be made by one A. C. Lucas, which said false, forged and counterfeit indorsement was so forged, counterfeited and falsely made upon a draft of the tenor following: that is to say,

$178.00—Union Indemnity Company No. B. 657, New Orleans, La., Oct. 7th, 1924—Pay to the order of A. C. Lucas, One Hundred Seventy-eight and No/100—Dollars. Value received and charge the same to account of Elisha Carter, Ass't Supt. Claim Division, (official title). Marine Bank & Trust Co., New Orleans, La., (14-22), Policy No. MB2 56826 Claim No. B. 781. This draft will not be honored unless it is properly endorsed on the back and the attached voucher dated and signed by the Payee. Received of Union Indemnity Company, One Hundred Seventy-eight & No/100 Dollars, in full settlement of any and all claims which I now have or may have hereafter by reason of any loss under the policy of insurance issued to me by the said Company by reason of a burglary or theft com-

mitted on the premises described in the said policy on or about
the 17th day of August, 1924, and in consideration of the said
payment, it is hereby agreed that in the event of the recovery
of any of the stolen property will be returned to the Company,
the full sum paid for loss thereon. Dated at Springfield, Mis-
souri, October 9, 1924,

with intent then and there and thereby feloniously to in-
jure and defraud, contrary, etc.''

This information is based upon Section 3436, Revised
Statutes 1919, which is as follows:

''Every person who, with intent to injure or defraud,
shall falsely make, alter, forge or counterfeit any instru-
ment or writing, being or purporting to be the act of
another, by which any pecuniary demand or obligation
shall be or purport to be transferred, created, increased,
discharged or diminished, or by which any rights or prop-
erty whatsoever shall be or purport to be transferred,
conveyed, discharged, increased or in any manner affected,
the falsely making, altering, forging or counterfeiting
of which is not hereinbefore declared to be a forgery in
some other degree shall, on conviction, be adjudged guilty
of forgery in the third degree.''

I. The accused is not precluded by his plea of guilty
from questioning by appeal or writ of error the sufficiency
of the information upon which judgment of conviction
was rendered against him. If the information
charges no offense the judgment against him is
invalid. As this court said in State v. Kelley,
206 Mo. l. c. 695, a plea of guilty admits the truth
of whatever is sufficiently charged in the informa-
tion, but no more, and it will not prevent the accused from
taking advantage of the defects apparent of record on writ
of error.  [Citing cases.]

Plea of Guilty: Right to Appeal.

II. The information charges that the accused false-
ly made a certain false, forged and counterfeit indorse-
ment upon the front of a certain instrument, etc., and sets
out the instrument *in haec verba*. On its face appears the

following: "This draft will not be honored unless it is properly indorsed on the back and the attached voucher dated and signed by the payee." The forgery alleged in the information is that the accused indorsed the name of the payee, A. C. Lucas, on the front of the draft. To render it negotiable it was necessary, under its express terms, that it be indorsed on the back of same by the payee and that the attached voucher be dated and signed by the payee. Neither of these acts are charged as having been committed by the accused. They are averments essential to the validity of the information. A charge of forgery of an indorsement must contain such averments as will make the offense affirmatively appear. When an information undertakes to set out in what the forgery consists it must state it truly and prove it as stated. [Crossland v. State, 77 Ark. 537; McD'onnell v. State, 58 Ark. 242; 3 Bish. Cr. Pro. (2 Ed.) sec. 410; 26 C. J. p. 944, sec. 91, n. 28; Commonwealth v. Spilman, 124 Mass. 327, 26 Am. Rep. 668; People v. Marion, 28 Mich. 255.]

Furthermore, if the instrument charged to have been forged is conditional as in this case a compliance with the conditions must be charged in the information. [State v. Leonard, 171 Mo. 622; State v. McConnell, 240 Mo. l. c. 277; Manaway v. State, 44 Ala. 375; Carder v. State, 35 Tex. Crim. App. 105, 31 S. W. 678; 26 C. J. p. 944, n. 15.] This information shows on its face that no forgery of an indorsement could be made, except on its back; and such forgery would not make the instrument negotiable, unless the attached voucher purported to be dated and signed by the payee.

It was attempted by this information to charge forgery in the third degree under Section 3436, supra. Under the terms of the instrument upon which the fraudulent indorsement is averred to have been made no forgery purporting to have been the act of another was charged whereby any demand or pecuniary obligation was created or by which any rights of property were in any wise affected within the meaning of the statute. In criminal

pleadings all things set forth in a statute which are essential ingredients of an offense must be alleged. [State v. Plotner, 283 Mo. 83, 222 S. W. 767.]

This judgment must therefore be reversed and it is so ordered. All concur.