APPLICATION OF JACK ARTHUR FISH FOR DISCHARGE UNDER WRIT OF HABEAS CORPUS.

Springfield Court of Appeals, January 2, 1935.

*O. J. Page* for petitioner.

*Charles Farrington,* Assistant Prosecuting Attorney, for the State.

PER CURIAM:—The petitioner pleaded guilty in the Circuit Court of Greene County to an information which was filed out of the prosecuting attorney's office, charging him with a misdemeanor, in that he contributed to the delinquency of one Billy Gilbert, a delinquent child of the age of fifteen years.

Upon said plea of guilty, he was sentenced by said circuit court to serve sixty days' imprisonment, in the Greene County jail, and he is now being held in said jail under the custody of Scott Curtis, sheriff of Greene county.

He now complains that the information upon which he was arraigned and convicted, fails to state a public offense or any crime known to the law in this State, and that the judgment of imprison-

ment imposed upon him is, therefore absolutely void, and he, in consequence is entitled to his release from the custody of the sheriff of Greene county, by whom he is now restrained of his liberty by the authority of the commitment issued on said void judgment. He is seeking his liberty through the writ of *habeas corpus*.

The petitioner states his grounds for relief in his petition in the following language:

"Your petitioner further shows to this court that said imprisonment is illegal in this, to-wit:

"1. That said information wholly fails to state or charge the defendant with any crime under the laws of the State of Missouri.

"2. That there is no law in the State of Missouri declaring the facts charged in said information to be a crime."

He then follows with a prayer that he may be discharged from said unlawful imprisonment.

Since this proceeding strikes at the information in this case, we set out the information in full, caption, signature and oath omitted, as follows:

"Chas. Farrington, assistant prosecuting attorney within and for the county of Greene, in the State of Missouri, under his oath of office informs the court that Jack Arthur Fisk, late of the county and State aforesaid, on the 5th day of December, A. D., 1934, at the county of Greene and State of Missouri, did then and there wilfully and unlawfully do and perform and be responsible for an act encouraging, causing, and contributing to the delinquency of one Billy Gilbert, of the age of fifteen, by soliciting and encouraging him to use of a weed by smoking it, to-wit: The Marihuana weed, such weed being a habit-forming and dangerous drug, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State."

The statute relied upon by the prosecuting attorney, is Section 4024, Revised Statutes 1929, Mo. Stat. Ann. 4024, p. 2829, and is as follows:

"*Delinquent Children.*

"In all cases where any child shall be a delinquent child as defined by the statutes of this State, the parent or parents, legal guardian, or person having custody of such child, or any other person responsible for, or by any act encouraging, causing or contributing to the delinquency of such child, shall be guilty of a misdemeanor, and upon trial and conviction thereof, shall be fined in a sum not exceeding five hundred dollars, or imprisoned in the county jail for a period not exceeding six months, or by both such fine and imprisonment. The court may impose conditions upon any person found guilty under this section, and so long as such person shall comply therewith to the satisfaction of the court the sentence imposed may be suspended."

It may be seen that this section of our law refers to "a delinquent child, as defined by the statutes of this State."

Under Section 14136 of the 1929 Statutes, in counties having 50,000 inhabitants and over, as in Greene County, a delinquent child is defined as follows:

"The words 'delinquent child' shall include any child under the age of seventeen (17) years who violates any law of this State, or any city or village ordinance, or who is incorrigible; or who knowingly associates with thieves, vicious or immoral persons, or who is growing up in idleness or crime, or who knowingly visits or enters a house of ill-repute; or who knowingly patronizes or visits any policy shop or place where any gaming device is or shall be operated; or who patronizes or visits any saloon or dramhouse where intoxicating liquors are sold; or who patronizes or visits any public pool room or bucket shop; or who habitually wanders about the street in the night-time without being on lawful business or occupation; or who habitually wanders about the streets or roads or public places during school hours without being on any lawful business or occupation; or who habitually wanders about any railroad yards or tracks, or jumps or who habitually hooks on to any train, or enters any car or engine without lawful authority, or who is either habitually truant from any day school, or who, while in attendance at any school, is incorrigible, vicious or immoral; or who habitually uses vile, obscene, vulgar, profane or indecent language; or who is guilty of immoral conduct in any public place or about any schoolhouse; or who habitually and willfully, and without the consent of its parents, guardian, or other person having legal custody and control of such child, absents itself from home and remains away at night, or loiters and sleeps in alleys, cellars, wagons, buildings, lots or other exposed places."

The last quoted part of the statute is specific as to what is termed a delinquent child, in counties of this size, in this State. We have been cited no other statute of this State, defining a delinquent child in such counties, and so far as we know there is no other definition. It is our opinion that this definition is the one referred to in section 4024, supra, wherein it says: "In all cases where any child shall be a delinquent child as defined by the statutes of this State," etc. In other words, if we would substitute the entire above quoted part of section 14136, in place of the words "a delinquent child" in the first line of Section 4024, we would have a statute meaning exactly the same as section 4024 now means, as it pertains to delinquent children in counties of 50,000 inhabitants and more.

As we understand section 4024, as it is written, it means that in all cases where any person shall by any act encourage, cause or contribute to the doing, on the part of a child under seventeen years of age, any of the things mentioned or set out in the above quoted part of

section 14136, he shall thereby be guilty of a misdemeanor, and subject to punishment.

With that in mind then, we are confronted with the question of whether or not the charge of soliciting and encouraging the infant to use a weed by smoking it, to-wit, the Marihuana weed, such weed being a habit-forming and dangerous drug, is such an act on the part of the applicant herein, even if he caused the minor to smoke the weed, as to bring the child within the definition of a delinquent child, as defined by the statutes of this State.

We are forced to the conclusion that the wording of section 14136 tells us specifically what a delinquent child is, and in that lengthy list of what it takes to constitute a delinquent child, we fail to find listed the smoking of the Marihuana weed. In fact we do not find listed the smoking of ''a habit-forming and dangerous drug.'' Nor do we find in any statute within our State where it is declared to be against the law for anyone to use or smoke the Marihuana weed. In fact we have no such statute within this State, and so far as our criminal law is concerned or expressed, it is not a violation of the law of our State for anyone to use or smoke the Marihuana weed. And since it is not declared to be a violation of the law to use it, and since encouraging a person to use it or causing a person to use it, is not declared to be an act contributing to the delinquency of an infant child, how then, under our law, can the petitioner be held?

We are forced to the conclusion, under our law and under the present information, that the prisoner cannot legally be held. Our Supreme Court, in the case of State v. Small, 313 Mo. 66, 280 S. W. 1033, held that a plea of guilty only admits the truth of what is sufficiently charged in the information, and if the information charges no offense, the judgment against the person charged is invalid.

It is our conclusion in this case that the information charges no offense under our statutes, and that the judgment rendered against the petitioner is invalid, and that he is now unlawfully restrained of his liberty.

We realize the seriousness of the issues involved in this case, and regret that there is not a way under our statutes, to hold the petitioner. We are reliably informed that the use of the Marihuana weed by smoking it, is very injurious to grown ups as well as infants, and we feel that something should be done to stamp out its use, but that is a duty first of the Legislature, and until the Legislature acts, the courts are powerless.

We commend the diligence of the prosecuting officers and the trial court, in their efforts to protect the infants of our county, but we are forced to the conclusion that they, nor we, can go no further in such cases as this, than the course marked out by our Legislature.

There are some other points raised in this proceeding that have

been passed on by courts in other states, construing statutes similar to ours. We deem it not necessary to consider those authorities here, for in none of those cases were they dealing with an act that was not covered by the statute, as in the instant case.

It is our conclusion that the petitioner should be discharged. It is so ordered.