**STATE of Missouri (Plaintiff), Respondent,**

**v.**

**Kenneth AKERS (Defendant), Appellant.**

No. 29331.

St. Louis Court of Appeals.

Missouri.

Feb. 21, 1956.

Samuel Richeson, Hillsboro, for appellant.

Robert L. Carr, Pros. Atty., Washington County, Potosi, for respondent.

WOLFE, Commissioner.

The defendant has appealed after a conviction for the offense of nonsupport of his minor children. He had pleaded guilty to the charge before a magistrate and after sentence filed a notice of appeal to the circuit court where a trial was conducted and a verdict of guilty returned by a jury.

At the outset of the matter we are confronted with the question of whether or not a defendant charged with a misdemeanor before a magistrate may plead guilty and after sentence appeal to the circuit court.

Article V, Section 21, of the Constitution of Missouri, V.A.M.S., provides that the practice and procedure in the magistrate courts and appeals therefrom shall be the same as the former laws relating to justice of the peace courts until otherwise provided by law.

The law relating to appeals from a conviction before a magistrate was adopted in 1945 and became Section 543.290 RSMo 1949, V.A.M.S. There was in this section no substantial change from the old law governing appeals from justices of the peace. Both provide that an appeal may be taken by any person *convicted* if he filed within the prescribed time an application for appeal stating that he was aggrieved by the *verdict and judgment*. These words were held to exclude the right of appeal to one who was sentenced on a plea of guilty. State v. Haller, 23 Mo.App. 460; City of Edina v. Beck, 47 Mo.App. 234; City of Mexico v. Geiger, 53 Mo.App. 440. The last two cases cited dealt with convictions before city courts but both relied upon the case of State v. Haller, first cited, which held that a person who pleaded guilty before a justice of the peace cannot be said to have been "convicted". This holding was somewhat buttressed by the provision which

specified that the application for appeal should aver that the defendant was aggrieved by the "verdict and judgment". There would, of course, be no verdict upon a plea of guilty. Quite the converse of the above situation is to be found in relation to appeals from felony convictions where it is held that one is not deprived of a right to appeal by a plea of guilty, but he may appeal to test the sufficiency of the indictment or information to charge an offense. State v. Small, 313 Mo. 66, 280 S.W. 1033; State v. Pearson, 288 Mo. 103, 231 S.W. 595; State v. Conley, Mo.Sup., 123 S.W.2d 103. If no appeal lies from a plea of guilty before a magistrate, then the defendant has no right by appeal to test the sufficiency of an information to which he has pleaded guilty, yet this right is accorded one who pleads guilty to a felony.

The apparent inconsistency has been resolved by the rules of the Supreme Court and a defendant may appeal after a plea of guilty before a magistrate. 42 V.A.M.S. Supreme Court Rules, Rule 22.10 states, "any person who is convicted in a magistrate court for any misdemeanor shall be entitled to appeal therefrom to the circuit court in the county", and it has eliminated the words of the statute which required that the appellant aver that he has been aggrieved by the "verdict and judgment". No exceptions are made as to who may appeal. The use by the court of the word "convicted" is apparently meant to include those who are judged guilty upon a plea of guilty. This is evidenced by Rule 27.25, which deals with motions to withdraw a plea of guilty. The rule provides that to correct a manifest injustice the court after sentence may set aside the "judgment of conviction" and permit the defendant to withdraw his plea. From this it would appear that the word "convicted" includes those found guilty upon a plea of guilty as well as those found guilty by the court or jury upon trial.

The State called to the stand the former wife of the defendant, who testified that she was divorced from Akers in October of 1951. She stated that there were three chil-

dren born of the marriage and their ages ranged from nine to four. After the divorce Mrs. Akers was employed and the children lived with her parents. She sent her parents some money each month for the support of the children and defendant contributed up to July, 1953, but in August Mrs. Akers filed the complaint upon which he was tried charging him with nonsupport of the children.

There was no evidence offered by the State touching upon the defendant's ability to pay for the support of the children. The only evidence as to that came from the defendant and his physician. It was to the effect that defendant was unemployed and too ill to work.

It is urged that there was no evidence to support the verdict in that there was no proof of the defendant's ability to support his children. It is true that the record is completely void of evidence tending to show that the defendant possessed any means with which to support the children.

In order to sustain a conviction under Section 559.350 RSMo 1949, V.A.M.S., the State is required to establish every element of the offense charged. One of the elements of the offense is that the failure to provide was "without good cause". The State must therefore present facts from which it may be concluded that the defendant was able to support the children. If through no action of his own he lacked the ability to support them, his failure to do so was not without good cause and the evidence is insufficient to sustain the conviction. State v. Young, Mo.App., 273 S.W. 1106; State v. Burgoldt, Mo.App., 299 S.W. 829; State v. Miller, Mo.App., 33 S.W.2d 1063; State v. Vogel, Mo.App., 51 S.W.2d 123; State v. Mestemacher, Mo.App., 64 S.W.2d 130; State v. Barcikowsky, Mo. App., 143 S.W.2d 341.

Since the conviction cannot stand for the reasons stated, the other assignments need not be considered, and it is the recommendation of the Commissioner that the judgment be reversed and the defendant discharged.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed and the defendant discharged.

ANDERSON, P. J., MATTHES, J., and SAM C. BLAIR, Special Judge, concur.