STATE of Missouri, ex rel. Edward GARN-HOLZ, Prosecuting Attorney, within and for the County of St. Louis, Missouri, Relator,

v.

Honorable Raymond E. LA DRIERE, Judge of the Circuit Court of St. Louis County, Missouri, Division Number One, Respondent.

No. 45727.

Supreme Court of Missouri,

En Banc.

March 11, 1957.

Edward W. Garnholz, Prosecuting Attorney, St. Louis County, Clayton, for relator.

Raymond E. LaDriere, Clayton, pro se.

DALTON, Chief Justice.

This is an original proceeding in prohibition to prevent respondent, a judge of the circuit court of St. Louis County, from assuming jurisdiction and proceeding to hear, try and determine, on appeal from the magistrate court, a certain misdemeanor case wherein the defendant had entered a plea of guilty to the charge against him in the magistrate court of said county.

Respondent filed his return to our preliminary rule in prohibition and relator has filed his motion for judgment on the pleadings. The facts are not in dispute and only an issue of law is presented.

On April 16, 1956, an information was filed before Leslie T. Lewis, Magistrate of the Second District, St. Louis County, State of Missouri, by John L. Hayward, assistant prosecuting attorney of said county, charging one Jarald Joseph Valdes with the crime of careless and reckless driving of a motor vehicle on a public highway of said county "by driving on the wrong side of the road" at the time and place designated in the information. On April 19, 1956, said defendant Jarald Joseph Valdes appeared before said magistrate and without questioning the information in any manner entered a plea of guilty to said charge of careless and reckless driving, whereupon, said court found the said defendant "guilty as charged" and assessed his punishment at a fine of $75 and imprisonment in the county jail for a period of ten days and "until said fine and costs are paid."

Thereafter, on April 21, 1956, said defendant filed his affidavit of appeal in the said magistrate court and an appeal was granted to the Circuit Court of St. Louis County. A transcript on appeal was filed in the said circuit court and, thereafter, relator filed a motion to dismiss the appeal of said defendant on the ground that the circuit court was without jurisdiction of said cause on appeal, because said defendant had entered a plea of guilty to said charge in the magistrate court, and a penalty had been assessed, and by reason of the plea of guilty the cause had been finally determined in the magistrate court.

The motion to dismiss came on for hearing before respondent, as a judge of the circuit court of St. Louis County, and respondent overruled the motion and determined that the appeal from the said magistrate court was properly lodged in the circuit court of St. Louis County. It is admitted that, except for the preliminary rule in prohibition, the respondent would have proceeded to hear, try and determine the issues on the said charge of careless and reckless driving in the circuit court of St. Louis County.

Respondent now insists that, as judge of the circuit court of St. Louis County, he does have jurisdiction to hear, try and determine the issues of an appeal in a case, such as this, after a voluntary plea of guilty to a misdemeanor charge has been entered in the magistrate court. Respondent relies upon 42 V.A.M.S. Supreme Court Rule 22.10 and upon the opinion of the St. Louis Court of Appeals in State v. Akers, Mo.App., 287 S.W.2d 370, 371.

Since respondent's position in this court and his argument in support thereof is based directly upon the opinion and reasoning of the St. Louis Court of Appeals, we shall quote from that opinion at length, as follows:

"Article V, Section 21, of the Constitution of Missouri, V.A.M.S., provides that the practice and procedure in the magistrate courts and appeals therefrom shall be the same as the former laws relating to justice of the peace courts until otherwise provided by law.

"The law relating to appeals from a conviction before a magistrate was adopted in 1945 and became Section 543.290 RSMo 1949, V.A.M.S. There was in this section no substantial change from the old law governing appeals from justices of the peace. Both provide that an appeal may be taken by any person convicted if he filed within the prescribed time an application for appeal stating that he was aggrieved by the verdict and judgment. These words were held to exclude the right of appeal to one who was sentenced on a plea of guilty. State v. Haller, 23 Mo.App. 460; City of Edina v. Beck, 47 Mo.App. 234; City of Mexico v. Geiger, 53 Mo.App. 440. The last two cases cited dealt with convictions before city courts but both relied upon the case of State v. Haller, first cited, which held that a person who pleaded guilty before a justice of the peace cannot be said to have been 'convicted'. This holding was somewhat buttressed by the provision which specified that the application for appeal should aver

that the defendant was aggrieved by the 'verdict and judgment'. There would, of course, be no verdict upon a plea of guilty. Quite the converse of the above situation is to be found in relation to appeals from felony convictions where it is held that one is not deprived of a right to appeal by a plea of guilty, but he may appeal to test the sufficiency of the indictment or information to charge an offense. State v. Small, 313 Mo. 66, 280 S.W. 1033; State v. Pearson, 288 Mo. 103, 231 S.W. 595; State v. Conley, Mo.Sup., 123 S.W.2d 103. If no appeal lies from a plea of guilty before a magistrate, then the defendant has no right by appeal to test the sufficiency of an information to which he has pleaded guilty, yet this right is accorded one who pleads guilty to a felony.

"The apparent inconsistency has been resolved by the rules of the Supreme Court and a defendant may appeal after a plea of guilty before a magistrate. 42 V.A.M.S. Supreme Court Rules, Rule 22.10 states, 'any person who is convicted in a magistrate court for any misdemeanor shall be entitled to appeal therefrom to the circuit court in the county', and it has eliminated the words of the statute which required that the appellant aver that he has been aggrieved by the 'verdict and judgment'. No exceptions are made as to who may appeal. The use by the court of the word 'convicted' is apparently meant to include those who are judged guilty upon a plea of guilty. This is evidenced by Rule 27.25, which deals with motions to withdraw a plea of guilty. The rule provides that to correct a manifest injustice the court after sentence may set aside the 'judgment of conviction' and permit the defendant to withdraw his plea. From this is would appear that the word 'convicted' includes those found guilty upon a plea of guilty as well as those found guilty by the court or jury upon trial." The St. Louis Court of Appeals held that the defendant could appeal to the circuit court after a plea of guilty and a sentence in

the magistrate court and have a trial de novo.

It is apparent that the conclusion of the Court of Appeals that a defendant in a misdemeanor case filed in the magistrate court could appeal to the circuit court, after a plea of guilty had been entered and a sentence imposed, is based upon the court's construction of the mentioned Supreme Court Rules and without regard to whether or not the right of appeal in such a case existed prior to the promulgation of the said rules.

Article V, Section 5 of the Constitution of Missouri 1945, which for the first time gave this court authority to "establish rules of practice and procedure for all courts", expressly provides that "the rules shall not *change* substantive rights, * * * the right of trial by jury, or the right of appeal." (Italics ours.)

In the case of State v. Getty, Mo.Sup., 273 S.W.2d 170, 172, Division Two of this court said: "Under Section 5 of Article V of our Constitution, V.A.M.S., this court may 'establish rules of practice and procedure for all courts. The rules shall not change substantive rights * * or the right of appeal.' What is meant by the term 'appeal'? The Kansas City Court of Appeals in State ex rel. Williams v. Anthony, 65 Mo.App. 543, 552, said it 'means the removal of a suit * * * from an inferior to a superior court.' This court in the case of Dorris Motor Car Co. v. Colburn, 307 Mo. 137, 158, 270 S.W. 339, 346 (in banc) said that it is often used as embracing 'all kinds of proceedings for the review of cases—all proceedings commonly known as appellate.' It was in that sense that the term was used in the above constitutional provision. It is apparent that this court thought so when it adopted the above rules. Note the word used in Rule 28.02—*Review*. The constitutional provision did not prohibit this court from changing the *mode* of review, but only the *right*. As to the latter, no change occurred. Thus Rule 28.06 has not 'deprived defendant of a right granted him by the Legislature.' "

The word *change,* as a noun, is defined by Black's Law Dictionary, Third Edition, as follows: "An alteration; substitution of one thing for another. This word does not connote either improvement or deterioration as a result. In this respect it differs from amendment, which in law, always imports a change for the better. As a verb, 'change' is synonymous with 'alter' or 'vacate' as a road." And see Webster's New International Dictionary, Second Edition.

■ In view of the constitutional provision referred to, we must determine whether or not a defendant charged with a misdemeanor before a magistrate, after having entered a plea of guilty and having been sentenced in said court, had the right of appeal to the circuit court prior to the adoption of the Supreme Court Rules of practice and procedure. If no such right existed, none was granted by said rules of criminal procedure, which became effective January 1, 1953.

■ The right of appeal in a criminal case is purely statutory, no such right existed at common law. State v. Thayer, 158 Mo. 36, 38, and see page 53, 58 S.W. 121; State v. Leonard, 250 Mo. 406, 408, 157 S.W. 305; State ex rel. Moberly v. Dorris, 223 Mo.App. 159, 9 S.W.2d 820, 821; City of St. Louis v. Pope, Mo.App., 129 S.W.2d 106, 107; 24 C.J.S., Criminal Law, § 1628, p. 212.

Subsequent to the adoption of the 1945 Constitution, which contained Section 20, Article V with reference to practice, procedure in magistrate courts and appeals therefrom, the legislature adopted an act entitled: "An Act to provide for jurisdiction * * * and procedure * * * for magistrate courts in cases of misdemeanor." Laws 1945, p. 750. The act became effective January 1, 1947. Laws 1945, p. 761, Sec. 45. Section 18 of the mentioned act provided for the charge to be read

to the defendant and for a plea of guilty or not guilty to be entered. See Section 543.180 RSMo 1949, V.A.M.S. Section 19 provided for the assessment of the punishment, if a plea of guilty was entered. See Section 543.190 RSMo 1949, V.A.M.S. Section 20, in the event of a plea of not guilty, provided for trial by the magistrate, or by a jury, if demanded. See Section 543.200 RSMo 1949, V.A.M.S. Section 30, in part, provided: "Any person *convicted* before a magistrate for any misdemeanor under the provisions of this section may appeal to the circuit court or other court having jurisdiction in criminal cases, if he shall file, within ten days after judgment is rendered, an application stating that he is *aggrieved by the verdict and judgment* in the case, and that appeal is not taken for vexation or delay. * * *." (Italics ours.) Laws 1945, p. 750, Sec. 30; Sec. 543.290 RSMo 1949, V.A.M.S. And compare Supreme Court Rules 22.07, 22.08, 22.09 and 22.10.

▇ It is apparent from a reading of the sections of the 1945 act that the word "convicted", as used in Section 30 of the 1945 act, Sec. 543.290 RSMo 1949, V.A.M.S. referred to a conviction by the magistrate or jury upon a trial, after a plea of not guilty, had been entered. The word "convicted" must be considered and construed in the context in which it is used in said act.

In the case of State v. Williams, 320 Mo. 296, 6 S.W.2d 915, 919(6) the court was called upon to determine the meaning of the word "convicted" as used in Section 3247 RSMo 1919, as amended by Section 3247, p. 284a, Laws 1921, in view of Section 4048 RSMo 1919. See Sections 559.-260 and 546.440 RSMo 1949, V.A.M.S. The court said: "It will be noted, however, that section 3247 uses the words 'convicted of rape.' In the sense in which it is used in Section 3247, the word 'convicted' assumes that a trial was had to a jury, wherein they returned a verdict of guilty. The word 'convicted' is commonly used merely to signify the finding of the jury that the accused is guilty. This is the well-settled meaning of the term as ordinarily used in constitutional and statutory provisions. 13 C.J. 903–905. It is evident, therefore, that a well-defined distinction obtains between sections 3247 and 4048 in that regard and that no conflict exists. If tried to a jury, the jury fixes the punishment in their discretion, if defendant is convicted by the verdict. If defendant pleads guilty—that is, assents to a judgment by confession—it is the duty of the court to assess and declare the judgment."

The court in the case of State v. Haller, 23 Mo.App. 460, 463, construed the word "convicted" as used in Section 2058 RSMo 1879, and said: "A person who pleads guilty cannot be said to be convicted. No appeal lies in a case where the defendant pleads guilty. That this is true is further shown by section 2063, Revised Statutes (1879), which provides that '* * * if the appeal be regularly taken, the cause shall be heard on the merits.' That is to say, the whole cause shall be tried, in the appellate court, de novo."

▇▇ It is apparent from the statutes and decisions referred to that there is no right of appeal from a judgment in a misdemeanor case entered upon a plea of guilty in the magistrate court. Our attention has been directed to no decision of this court authorizing such an appeal. There is, of course, no appeal from a judgment entered by confession in a civil case in the magistrate court. Section 512.190 RSMo 1949, V.A.M.S.

In the case of State v. Williams, supra, 6 S.W.2d 915, 919, the court further said: "After the plea of guilty no issue remained before the court, for there was nothing to try. Defendant judicially admitted guilt—that is, pleaded guilty to the court—and it became the duty of the court to fix the punishment, * * *."

In the case of State v. Pearson, 288 Mo. 103, 231 S.W. 595, involving an appeal *from the circuit court* to this court, the court said: "By his plea of guilty the defendant confessed only the truth of the facts stated in the information. It did not involve a plea of guilty of violation of the statute against illegal voting unless the information correctly charged the commission of that crime. He could take advantage of any defect in the information by appeal or by writ of error. State v. Kelley, 206 Mo. [685] loc. cit. 693, 105 S.W. 606, 12 Ann. Cas. 681; State v. Reppley, 278 [Mo. 333] loc. cit. 339, 213 S.W. 477." And see State v. Rosenblatt, 185 Mo. 114, 119–120, 83 S.W. 975; State v. Small, supra, 280 S.W. 1033, 1034. In the latter case the court said: "The accused is not precluded by his plea of guilty from questioning by appeal or writ of error the sufficiency of the information upon which judgment of conviction was rendered against him. If the information charges no offense, the judgment against him is invalid."

■ A distinction should be noted between appeals from magistrate courts and appeals from circuit courts. To allow a defendant to appeal from a judgment of the magistrate court, entered upon a plea of guilty, would permit such a defendant after such a plea to have a trial de novo in the circuit court, including the right to a trial before a jury, if such was demanded (See Sections 543.320, 543.330 and 512.270 RSMo 1949, V.A.M.S. and Supreme Court Rule 22.16), while an appeal from a judgment of the circuit court, based upon a plea of guilty in a criminal case, tests only the sufficiency of the information or indictment and, if the charge is sufficient, the judgment as entered remains in effect and there is no trial de novo. State v. Small, supra. There are other authorities to the effect that a plea of guilty waives all de-

fenses, except that the information charges no offense. See 14 Am.Jur. 952, Sec. 272.

We need not determine whether or not the right of appeal, if any, from the circuit court to an appellate court exists to test the sufficiency of an information or indictment after a plea of guilty. We have cited the cases so holding, but that issue is not before us.

The matter of any inconsistency between the statutory provisions and court decisions holding that no appeal lies from a judgment entered on a plea of guilty in a misdemeanor case before a magistrate and those court decisions which hold that a defendant may appeal from a judgment in criminal cases entered on a plea of guilty in the circuit court is a matter for the legislature and not a matter for judicial determination. It should be noted, however, that such appeals have been allowed only to test the legal sufficiency of the information or indictment.

■ In any case, a defendant can always test the sufficiency of the information, after a judgment has been entered on a plea of guilty in the magistrate court, by filing his petition for a writ of habeas corpus in the proper court. See Ex parte Morgan, Mo.Sup., 280 S.W. 1038; Ex parte Fisk, 228 Mo.App. 1028, 77 S.W.2d 503, 505.

To construe the rules of this court, as they have been construed in the case of State v. Akers, supra, would permit an appeal and jury trial on such appeal where such rights did not exist prior to the adoption of the court rules. Such a result may not be had in view of Section 5, Article V of the Constitution.

Our preliminary rule in prohibition should be made absolute. It is so ordered.

All concur.