STATE of Missouri (Plaintiff), Appellant,

v.

James HARRIS, Thomas Ellwood and Elizebeth Ellwood (Defendants), Respondents.

No. 30097.

St. Louis Court of Appeals.

Missouri.

Sept. 2, 1958.

**850**

Henry Balken Bush, Pros. Atty., Linn, for appellant.

John P. Peters, Linn, for respondents.

DOERNER, Commissioner.

Appeal by the State of Missouri from a judgment of the Circuit Court of Osage County dismissing an amended information, and discharging the respondents. In the amended information filed by the prosecuting attorney of that county the respondents were charged with corrupting the morals and contributing to the delinquency of one Patsy Ellwood, a minor of the age of 12 years, in that (1) on January 4, 1958 and a number of times within the year preceding the filing of the information they had taken her to taverns where intoxicating liquors were served and consumed; (2) on January 6, 1958, had counseled, encouraged and permitted the said minor to violate the criminal laws of this state by making a false affidavit that she was 18 years of age, in order to obtain a marriage license; and with the fraudulently obtained marriage license, defendants Thomas and Elizebeth Ellwood permitted and aided the defendant Harris to be married to said minor; and (3) that within one year before the filing of the information they frequently brought intoxicating liquor to the Ellwood home, and became intoxicated and used profane and obscene language in the presence of said minor.

In their motion the defendants moved to quash the information on the grounds that the offense charged therein is not designated in the criminal code nor in the new juvenile code; and that it charged no offense known to the laws of the State of Missouri.

The sole question before us is the sufficiency of the information. Respondents have not favored us with a brief, but in the incisive brief of the prosecuting attorney we are informed that the court below sustained the motion to quash on the grounds that since the General Assembly in 1957 repealed what had been § 211.010 RSMo 1949, V.A.M.S., the only statute in which juvenile delinquency had been defined, there can be no prosecution under § 559.360 RSMo 1949, V.A.M.S.

Section 559.360, on which the information was based, reads:

"In all cases where any child shall be a delinquent child *as defined by the statutes of this state,* the parent or parents, legal guardian, or person having the custody of such child, or any other person responsible for, or by any act encouraging, causing or contributing to the delinquency of such child, shall be guilty of a misdemeanor, and upon trial and conviction thereof, shall be fined in a sum not exceeding five hundred dollars, or imprisoned in the coun-

ty jail for a period not exceeding six months, or by both such fine and imprisonment. The court may impose conditions upon any person found guilty under this section, and so long as such person shall comply therewith to the satisfaction of the court the sentence imposed may be suspended." (Emphasis ours.)

It will be noted not only that delinquency is not defined by that section, but that by the phrase "as defined by the statutes of this state" it obviously was the purpose of the Legislature to refer to another statute for such a definition. The only enactment defining the term was § 211.010, and it was that section to which § 559.360 referred. State v. Johnson, Mo.App., 145 S.W.2d 468; State v. Bonnie, Mo.App., 206 S.W.2d 989; State v. Anderson, Mo.App., 232 S.W.2d 212. Unfortunately, in the course of enacting a new juvenile code, § 211.010 was repealed by the General Assembly. Laws 1957, p. 642. We have searched that code in vain for any definition of the terms "delinquent child" or "juvenile delinquency."

■ It has been held that an information based on § 559.360 states no crime if the acts charged do not fall within the definition of § 211.010. Ex parte Fisk, 228 Mo. App. 1028, 77 S.W.2d 503; State v. Bonnie, supra. It must necessarily follow that in the absence of any statutory definition of a delinquent child, or juvenile delinquency, one cannot be charged with contributing to the delinquency of a child "as defined by the statutes of this state."

■ The prosecuting attorney vigorously contends that even though this be true, the information was sufficient because the term "juvenile delinquent" is well known to the law, and the common law definition will be implied; and that when a statute creating an offense employs terms which have a fixed and well-recognized meaning, an indictment following the language of the statute will be held sufficient, citing State v. Davis, 70 Mo. 467. The

answer to this argument is twofold. First, it is apparent from the use of the phrase "as defined by the statutes of this state" in § 559.360 that it was the legislative intent to refer to another or other sections of our statutes for the definition of the term "delinquent child." This view is confirmed by the legislative histories of §§ 211.010 and 559.360. The first legislative use of the phrase "juvenile delinquency" which we have been able to find was in Laws 1901, p. 135, creating a probation system in cities of 350,000 or more inhabitants. That act was repealed by the adoption in 1903 of the initial juvenile code, which was limited in its application to counties of 150,000 or more inhabitants. Laws 1903, p. 213. And that enactment, in turn, was supplanted in 1905 by a revised juvenile code. Laws 1905, p. 56. In both of the latter acts the term "delinquent child" was defined. Section 559.360, making it a misdemeanor to contribute to the delinquency of a child, was enacted later, Laws 1907, p. 231, and contained the phrase "as defined by the statutes of this state." Hence it is clear that in adopting § 559.360 the General Assembly did not intend to rely on any general meaning of such terms, but on the statutory definitions as they then existed.

Secondly, we have been cited to no case or text indicating that the crime of contributing to the delinquency of a child was known to the common law. Nor has our own examination of such standard texts as Bishop on Criminal Law, Wharton's Criminal Law and Procedure, and other authorities revealed any support for the state's argument. To the contrary, the few found indicate that such an offense is a statutory one and was unknown to the common law. State v. Williams, 73 Wash. 678, 132 P. 415; People on Complaint of Barber v. Caminiti, 28 N.Y.S.2d 133; 43 C.J.S. Infants § 13, page 69.

■ We realize the difficulty which may be encountered by the authorities in prosecuting those who would corrupt the youths

of our state, and commend the prosecuting attorney for his diligent and vigorous efforts in this case. But under our system of government, our function, as was so aptly stated in State v. Pilkinton, Mo.App., 310 S.W.2d 304, loc. cit. 309, "is to declare, apply and enforce the law as we find it, not to legislate by judicial fiat." And see State on Information of Dalton v. Miles Laboratories, Inc., 365 Mo. 350, 282 S.W. 2d 564, 574, and Lemasters v. Willman, Mo.App., 281 S.W.2d 580, 590.

For the reasons stated it is the recommendation of the Commissioner that the judgment of the Circuit Court of Osage County be affirmed.

PER CURIAM.

The foregoing opinion of DOERNER, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, affirmed.

RUDDY, P. J., and ANDERSON and WOLFE, JJ., concur.