**STATE of Missouri, Respondent,**

**v.**

**Deborah ——————————,**
**Defendant-Appellant.**

**No. 25496.**

Kansas City Court of Appeals,
Missouri.

Feb. 1, 1971.

**574**

———◆———

Bob J. Hiler, Kansas City, for defendant-appellant.

Don Witt, Platte City, for respondent.

JAMES W. BROADDUS, Special Commissioner.

By an information filed by the prosecuting attorney of Platte County it was charged that on or about the 10th day of February, 1970, the defendant Deborah ———— did willfully and unlawfully contribute to the delinquency of Susan ————, a minor of the age of fifteen years, by allowing said juvenile to remain present where a narcotic drug, to-wit: "Cannabis Sativa was being possessed."

A trial was had before the court and a jury on February 25, 1970. The jury found the defendant guilty, but stated in their verdict that they were "unable to agree upon the punishment." The court fixed defendant's punishment at thirty days in the county jail. Defendant has appealed.

The evidence reveals that on February 10, 1970, at approximately 9:30 p. m. the sheriff of Platte County, accompanied by other officers, conducted a search for narcotic drugs pursuant to a search warrant which had been issued by the Circuit Court. This warrant authorized the search of a particular farm house located in the southern part of Platte County.

When the sheriff entered the house he found fifteen year old Susan ———— seated beside the appellant at a table. There were about eight other persons in the house. On the table, in plain view, were various quantities of marijuana and hashish, a Roach Holder (an instrument designed for holding narcotic drugs.) Also in plain view, in the room, was a water pipe, described as an instrument designed for smoking hashish.

An expert described "Cannabis Sativa" as material from the hemp plant, the slang term of which is "marijuana." And "hashish" as being "a refined product of marijuana."

Both the appellant and the juvenile had been in the house for thirty minutes when the officers arrived. The juvenile came to the house with appellant and had no way to leave except by appellant's car. Appellant lived in the extreme southern part of Kansas City, Missouri and, as stated, the farm house was in Platte County. It was appellant's idea to go to the house. Appellant had known the juvenile for twelve years.

The evidence also showed that appellant and the juvenile arrived at the farm house and sat outside in appellant's car for fifteen minutes and discussed whether they would go inside. The juvenile did not want to go in. Appellant went into the house to see if it was all right for the juvenile to go in. Then both of them went inside the house. Appellant was eighteen years of age.

■ Appellant's first contention is that the court erred in not granting her a continuance. The transcript reveals that on the date of the trial appellant's counsel made an oral motion for a continuance. Appellant's counsel had previously requested the court to continue the case for a period of one week, which request the court granted. The names of all witnesses had been supplied to appellant's counsel on the day before the trial. On the morning of the trial date the court announced: "I'm going to deny your continuance and give you an opportunity to talk to these witnesses. Just go out and talk to them." Whereupon a

recess of one hour was called. No further objection was made to the case proceeding and no further request was made to the court for a continuance.

Many cases hold that the ruling of the trial court on a motion for a continuance will not be disturbed, unless an abuse of discretion appears. No abuse of discretion was shown here.

■■■ Appellant's second point is that the court erred in failing to sustain her motion for acquittal at the close of the State's case and also at the close of all the evidence for failure of the State to prove that the minor, Susan ————— was a delinquent.

In support of this assignment appellant cites the case of State v. Harris, Mo.App., 315 S.W.2d 849. That case was decided in 1958, and construed Sect. 559.360 as it then existed. In 1959 that section was amended and now reads as follows: "Any person who encourages, aids or causes a child under seventeen years of age to commit any act or engage in any conduct which would be injurious to the child's morals or health or who commits any act or omits the performance of any duty which contributes to, causes or tends to cause a child under the age of seventeen years to come within the provisions of subdivision (1) or (2) of section 211.031, RSMo, is guilty of a misdemeanor."

A person comes within the purview of Section 211.031, subdivision (1) paragraph (c), if "the behavior, environment or associations of the child are injurious to his welfare or to the welfare of others."

Thus it is clear that it is not a requirement that the child referred to in a charge of contributing to the delinquency of a minor be a delinquent under the law, but it is only necessary to show that the act complained of causes or tends to cause a child to come within the provisions of Section 211.031 where his "environment or associations * * * are injurious to his welfare."

Appellant does. not and cannot controvert the State's evidence that there was marijuana on the table. around which appellant and the child were seated, and the evidence that appellant brought Susan to the gathering.

The Court's Instruction No. 3 properly instructed the jury that in order to find appellant guilty of the charge they must find " * * * that the actions of the defendant tended to be injurious to the welfare of Susan —————." The instruction follows the clear mandate of Sect. 559.360 and its reference to Sect. 211.031(1) (c) and was supported by the evidence. The contention is without merit.

■■■ Appellant's final contention is: "The Court erred in that the State failed to show that the appellant contributed to the delinquency of Susan ————— by aiding said minor to remain present where narcotic drugs were being possessed and the State failed to show any overt act that the appellant did towards the said minor child."

As we have heretofore pointed out, a portion of Sect. 559.360, makes it a misdemeanor to cause a child under seventeen years of age to come within the provisions of subdivisions (1) and (2) of Sect. 211.031. Subsection (1) paragraph (c) provides as follows: "if the behavior, environment or associations of the child are injurious to his welfare or to the welfare of others."

It is difficult to imagine a situation where this provision of the statute would be more directly applicable. The evidence is undisputed that appellant took the minor to a place many miles from her home, and the minor had no other transportation to leave this place. The appellant remained in her motor car with the juvenile and talked with the juvenile for fifteen minutes and then went into the house to see if it would be all right for the juvenile to go inside the house. Appellant then remained in a chair beside the juvenile where a variety of narcotics and apparatus for the use of drugs were directly in front of both the

appellant and the juvenile on a table. Certainly the evidence shows that appellant was instrumental in placing Susan in an *environment* that was *injurious* to her welfare.

Finding no prejudicial error in the transcript your Special Commissioner recommends that the judgment be affirmed.

PER CURIAM.

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is affirmed.

· All concur.